KENNETH A. DECKER, an Infant, by GEORGE G. FIESINGER, His Guardian ad Litem, Respondent, v. CLARENCE DECKER, Appellant.—

Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLYDE BUSTER, Appellant.— Memorandum: The indictment in this case charged defendant with an attempted violation of subdivision 1 of section 1751 of the Penal Law, which makes illegal certain sales of narcotics. The indictment did not charge a violation of subdivision 3 of section 1751, pertaining to unlawful possession. The People's evidence established affirmatively that defendant acted in the transaction solely as the agent of the prospective purchaser. There is nothing to show that the accused received any benefit for bringing trade to the seller, or that the two were associated in distributing narcotics. The learned trial court erred in submitting the case to the jury on the theory that defendant could be convicted of an attempt to sell narcotics even though he acted solely for the buyer. The offenses are distinct (*People* v. *Pasquarello*, 282 App. Div. 405, affd. 306 N. Y. 759; *United States* v. *Sawyer*, 210 F. 2d 169; *United States* v. *Moses*, 220 F. 2d 166). All concur. (Appeal from a judgment of Erie Trial Term, convicting defendant of attempting to deal in narcotics.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.