[Crim. No. 6658.   Second Dist., Div. Two.   Aug. 10, 1959.]

THE PEOPLE, Respondent, v. WILLIAM WASHINGTON
PRICE, Appellant.

William Washington Price, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Marvin L. Part, Deputy Attorney General, for Respondent.

ASHBURN, J.—By an indictment defendant was charged with violation of Health and Safety Code, section 11500, in that he did sell and furnish a narcotic, to wit, heroin. He was tried without a jury and found guilty as charged. The trial court denied defendant's motion for a new trial and application for probation, and sentenced him to state prison. From the judgment he appeals, the principal contention being that the evidence—the heroin—was illegally obtained, based upon the defense of entrapment.

The People's witness was William Hollingsworth, a plainclothes police investigator, who testified that on the afternoon of July 22, 1958, he and one Albert Landry were walking on the 5500 block of South Central Avenue. They saw the appellant on the street and Landry asked him if he had any "smack," a slang term for heroin. Appellant said he did not but he could get some. The officer asked how much the price

of a half spoon would be and the appellant said $15. When the officer said that he had only $10.89, appellant made a phone call to see if he could get it at that price. After making the call, appellant informed the two men that it would cost $13 but that he would make up the difference. The three men got into the officer's car and drove to a service station where appellant made another phone call. They then drove to West 20th and Normandie. The officer gave his $10.89 to appellant who got out of the car and stood on the corner. Approximately 10 or 15 minutes later a car pulled up and appellant got in. This car drove south on Normandie a short distance and then returned. Appellant got out of that car and reentered the officer's automobile. He had a small balloon containing a white powder. He slit the balloon and poured a portion of the white powder onto a piece of paper, which he kept for himself, and he gave the remaining powder in the balloon to the officer. The contents proved to be heroin. The officer had not known or talked to the appellant before the date of the above transaction.

A grand jury indictment was filed on September 4, and the arrest was made on September 6.

Appellant testified in his own defense, denying any involvement in the foregoing transaction, or that he ever saw Officer Hollingsworth prior to the arrest, or that he was on Central Avenue at the time in question. He testified that he did not know a man by the name of Albert Landry.

The contention that appellant was unlawfully entrapped is without merit. ■ "It is essential to such a defense that the criminal intent originate with the one who is alleged to have entrapped defendant and that the crime be induced by him through persuasion or the like. His merely furnishing the occasion for one engaged in illegal activities to ply his trade does not amount to entrapment. *People* v. *Braddock*, 41 Cal. 2d 794, 802 [264 P.2d 521] : "The many decisions in this state which define the defense of entrapment were reviewed in *People* v. *Lindsey*, 91 Cal.App.2d 914 [205 P.2d 1114], and the law stated as follows: "Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. [Citations.] If the officer uses no more persuasion than is necessary to an

ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment." (P. 917.) More recently it was held: "It is not the entrapment of a criminal upon which the law frowns, but the seduction of innocent people into a criminal career by its officers is what is condemned and will not be tolerated. Where an accused has a preexisting criminal intent, the fact that when solicited by a decoy he committed a crime raises no inference of unlawful entrapment." ' *People* v. *Terry*, 44 Cal.2d 371, 372 [282 P.2d 19]: 'As to the first contention, "entrapment 'is a positive defense imposing upon an accused the burden of showing that he was induced to commit the act for which he is on trial' [citing cases]. ▇ Entrapment as a matter of law is not established where there is any substantial evidence in the record from which it may be inferred that the criminal intent to commit the particular offense originated in the mind of the accused." ' " (*People* v. *Bowlby*, 135 Cal.App.2d 519, 529-530 [287 P.2d 547, 53 A.L.R. 2d 1147].)

▇ There is no intimation in appellant's own testimony that he was lured or persuaded to make the sale. To the contrary, his testimony was inconsistent with such defense for he denied the specific act charged. (See *People* v. *Schwartz*, 109 Cal.App.2d 450, 455 [240 P.2d 1024]; *People* v. *Tillman*, 142 Cal.App.2d 404, 407 [298 P.2d 631]; *People* v. *Johnson*, 99 Cal.App.2d 559, 562 [222 P.2d 58].) ▇ And the testimony of the officer does not establish trickery, persuasion or fraud on his part, but rather that he merely created the opportunity for a sale and that appellant was a willing seller. ▇ These statements from *People* v. *Neal*, 120 Cal.App.2d 329, 333 [216 P.2d 13], appear pertinent: "There was evidence that appellant had ready access to the contraband heroin; . . . Appellant's obvious familiarity with the narcotics trade, coupled with his ability to produce a substantial quantity of heroin on short notice, all indicate beyond a reasonable doubt that he was not an innocent person who was induced to commit the crime charged by the trickery, persuasion or fraud of the officer."

Appellant makes numerous references, in broad generalities, to the denial of his constitutional rights of due process and equal protection of the law. ▇ The first contention is that these rights were denied him by the grand jury, but the proceedings before that body are not part of the record on appeal and therefore cannot be considered. (*People* v. *Ruiz*, 103 Cal. App.2d 146, 149 [229 P.2d 73].)

■ There is no merit to appellant's contention that it was the People's duty to have Mr. Landry in court to corroborate the testimony of Hollingsworth. In *People* v. *McCrasky*, 149 Cal.App.2d 630, 634 [309 P.2d 115], the court states: ''As his first ground for reversal of the judgment appellant contends that 'The court was guilty of abuse of discretion in not permitting the informer to testify where the court relied upon the sole testimony of Officer Greene.' This contention cannot be sustained because, first of all, neither side was required to produce all witnesses who might be able to testify so long as there is fairly presented to the court the material evidence bearing upon the charge for which the accused is on trial. There is no requirement in either the federal or state constitution that all witnesses or persons who may have knowledge of the crime be produced in court or called to testify [citations]. . . . ■ It was not necessary that the prosecution call a corroborating witness to support the testimony of Officer Greene because this is not the type of case in which the law requires corroboration [citations].'' In the instant case the identity of the informer (if such he was) was disclosed, and the record does not support appellant's intimations that the prosecution knew and refused to disclose the whereabouts of Landry, or that the police department caused Landry to leave town. Hollingsworth testified to the contrary. (See *People* v. *Alexander,* 168 Cal.App.2d 753, 754-755 [336 P.2d 565].)

■ Appellant asserts that he was arrested without a warrant on September 5, 1958, and was not taken before a judge or magistrate until September 12, 1958, in violation of his rights under Penal Code, section 825, which provides that '' [t]he defendant must in all cases be taken before the magistrate without unnecessary delay, and, in any event, within two days after his arrest, excluding Sundays and holidays; . . .'' There is no mention in the record as to whether there was a warrant. According to appellant's testimony, he was arrested on September 6, 1958. This was after the grand jury indictment of September 4, 1958; appellant was arraigned on September 12. The record does not disclose that this point was ever raised in the court below, and ''defendant cannot claim for the first time on appeal, as he attempts here, that he was not seasonably brought before a magistrate. [Citations].'' (*People* v. *Wein,* 50 Cal.2d 383, 411 [326 P.2d 457].)

■ ''Moreover, the violation of appellant's rights because of failure to observe the provisions of Penal Code, section

825, does not require a reversal unless there is a showing that such wrongful conduct resulted in an unfair trial. There is no such showing here. We are not here confronted with a case wherein an accused during the interim between his arrest and the claimed delay in bringing him before a magistrate, made any confessions, or that during such period anything occurred which militated against appellant at his trial. In these circumstances the violation of his constitutional and statutory rights immediately after his arrest cannot be said to have affected the outcome of his trial [citations].'' (*People* v. *McCrasky, supra*, 149 Cal.App.2d 630, 637.)

Other alleged grievances are equally without merit. The record does not indicate that bail was refused, or even that an application therefor was made. ■■■ With regard to the credibility of the officer's testimony, this was a matter for the determination of the trial court. (*People* v. *Newland*, 15 Cal. 2d 678, 681 [104 P.2d 778] ; *People* v. *Shafer*, 101 Cal.App.2d 54, 59 [224 P.2d 778].) An examination of the record shows that appellant was accorded a fair trial and there are no irregularities in the proceedings warranting a reversal.

The judgment is affirmed.

Fox, P. J., ánd Herndon, J., concurred.