[Crim. No. 3001. Third Dist. Oct. 30, 1959.]

THE PEOPLE, Respondent, v. JOSE GUERRERO BECCERA, Appellant.

*Assigned by Chairman of Judicial Council.

Anthony DeCristoforo, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—This is an appeal from the judgment entered upon a jury's verdict which found the appellant guilty of a sale of heroin and from the order denying motion for a new trial.

The sale of which appellant stands convicted was made to one Henry Lopez, an inspector for the Bureau of Narcotic Enforcement. Lopez encountered appellant whom he knew as a dope addict, a user, and a seller, for the purpose of obtaining narcotics for his own use. Lopez asked appellant if he had seen ''Hankers,'' the nickname of a man from whom Lopez previously had bought narcotics in appellant's presence. Appellant replied that he had not seen Hankers and asked Lopez what he wanted. Lopez said he was looking for three papers of heroin for $20. Appellant told Lopez to come with him and they walked down the street. While walking they met two other men, one of whom joined them and the three walked to where appellant's automobile was parked and entered it. Appellant then drove to a place near some railroad tracks where he parked. Lopez gave appellant $20 and the other man gave him $7.00, whereupon he left and returned

in about 10 minutes with one Frank Ramirez. The four then drove a few blocks and entered a vacant lot where they parked near a rubbish pile. Ramirez told appellant that ''the stuff is out there,'' and appellant got out of the car and went to the rubbish pile. Shortly thereafter Ramirez also got out of the car, went over to the rubbish pile, and pulled out a rubber balloon containing heroin. He gave the balloon to appellant and the two returned to the automobile. Ramirez left and appellant drove a few blocks and then parked. He then took some writing paper from the glove compartment of the car and poured some of the heroin onto two sheets, giving one to Lopez and one to the third man. Appellant then drove back to the alley and Lopez left.

Appellant makes two contentions, the first being that the evidence will not sustain his conviction of the sale of heroin as he was acting only as the agent of the buyer, Lopez, and that Ramirez was the only seller. There is no merit in this contention, for ''all persons concerned in the commission of a crime, . . . whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals.'' (Pen. Code, § 31.) The most that can be said from the evidence is that the question of whether or not appellant was the agent of Lopez or a seller operating with Ramirez was a question for the trier of fact and the trier of fact by the verdict has impliedly ruled against the construction contended for by appellant.

Appellant's second contention is that he was unlawfully entrapped by Lopez into the commission of the crime charged. There is no merit in this contention.

. ''. . . 'Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. If the officer uses no more persuasion than is necessary to an ordinary sale,˙ and the accused is ready and willing to make the sale, there is no entrapment.' . . . 'It is not the entrapment of a criminal upon which the law frowns, but the seduction of innocent people into a criminal career by its officers is what is condemned and will not be tolerated.' '' (*People* v. *Price*, 172 Cal.App.2d 776, 778-779 [342 P.2d 437]; *People* v. *Braddock*, 41 Cal.2d 794, 802 [264 P.2d 521].)

Here again the most that can be said for appellant is that a question of fact existed which was properly submitted to the jury and the verdict of the jury was an implied ruling against the defense of entrapment.

The judgment and the order appealed from are affirmed.

Peek, J., and Schottky, J., concurred.