[Crim. No. 2999.   Third Dist.   July 13, 1960.]

THE PEOPLE, Respondent, v. JACK ESPARZA, Appellant.

A. Richard Backus for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and John Foran, Deputy Attorneys General, for Respondent.

PEEK, J.—Defendant appeals from a judgment entered upon a jury's verdict which found him guilty of violating section 11500 of the Health and Safety Code.

The particular sale which formed the basis of the charge was made by one Jose Rodriquez to Henry Lopez who was employed by the State Bureau of Narcotic Enforcement. In order to gain information, Lopez posed as a narcotic buyer. He knew the defendant to be a user and dealer in narcotics, and on the date in question he proposed that defendant sell him a "spoon of heroin." The defendant replied that he did not have any for sale, but he knew where he could get some. After this conversation both men proceeded to the Reno Café, located at 4th and "K" Streets in Sacramento. Upon entering this establishment, Lopez went to the restroom, and defendant approached Rodriquez. When Lopez came back to the bar the defendant was nowhere to be seen, and he left the café to search for him. Shortly thereafter Lopez found the defendant who explained that he departed because he saw two members of the Sacramento police force at the Reno Café. After a short period of time the officers left, and the defendant and Lopez returned to the café. Upon entering, defendant motioned Lopez over to Rodriquez and stood next to them while Lopez paid Rodriquez $50 and received the heroin. No words were exchanged between Rodriquez and Lopez. After the sale Lopez offered the defendant $5.00, but the latter refused, saying that he would rather have a small portion of the heroin. While this discussion was being carried on, an unidentified party came up to the defendant and asked to make a purchase, and the defendant again answered that he had none but that he had ". . . just finished scoring for this man [Lopez]."

Defendant took the stand in his own behalf, admitted taking $5.00 from Lopez but denied that he made any contact with

658

Rodriquez except to point him out to Lopez, and he only did this because in his opinion Lopez looked as though he needed a "fix."

It is defendant's first contention that the evidence is insufficient to support the implied finding of the jury that he aided and abetted the sale made by Rodriquez to Lopez. ▮▮ All persons connected in the commission of a crime, whether they directly commit the act constituting the offense or aid and abet in its commission are principals in any crime so committed. (Pen. Code, § 31.) As principals such persons are equally guilty with the direct perpetrator. (Pen. Code, § 971.) ". . . [W]hether or not a person who is shown to have been present at the time and place of the commission of a crime has aided and abetted therein is one of fact for the jury to decide from all the circumstances proved." (*People* v. *Perez,* 169 Cal.App.2d 473, 475 [337 P.2d 539].) ▮ Here the evidence as summarized is amply sufficient to support such finding by the jury.

Defendant's second contention, that he was unlawfully entrapped by Lopez into the commission of the crime charged, is equally without merit.

▮ ". . .'Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. [Citations.] If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment.' . . . ▮ 'It is not the entrapment of a criminal upon which the law frowns, but the seduction of innocent people into a criminal career by its officers is what is condemned and will not be tolerated.'" (*People* v. *Price,* 172 Cal.App.2d 776, 778-779 [342 P.2d 437]; see also *People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521]; *People* v. *Beccera,* 175 Cal.App.2d 53 [345 P.2d 269]; and *People* v. *Dalton,* 172 Cal.App.2d 15 [341 P.2d 793], where comparable contentions were made under similar facts.) Here, as in the Beccera case, the question being one of fact was properly submitted to the jury, and its verdict was an implied finding against the defense of entrapment.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.