◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WAVERLY LINDSEY and ALFONSO NORRIS, Appellants.— Appeal by each of two named defendants from a judgment of the County Court, Richmond County, rendered April 8, 1960 after a jury trial, convicting him of (1) felonious sale of a narcotic drug on October 4, 1958 to one Sidney Shepard (Penal Law, § 1751); (2) felonious possession of a narcotic drug with intent to sell on October 4, 1958 (Penal Law, § 1751, subd. 2); (3) unlawful possession of a narcotic drug on October 4, 1958 as a misdemeanor (Penal Law, § 1751-a); and (4) conspiracy to illegally possess and sell to said Sidney Shepard on October 4, 1958, a quantity of marijuana, as a misdemeanor (Penal Law, § 580), and imposing sentence. As to each defendant, judgment reversed on the law and the facts, indictment dismissed, and bail exonerated. The defendants' conviction rests on a single sale of a narcotic drug. The principal evidence as to the sale was given by a police officer who had disguised his real identity and had induced defendants to introduce him to one Isador Littman, the seller of the drug. From the proof adduced, it clearly appears that defendants acted as agents for such police officer and received no financial profit from the single sale involving only $5 allegedly made in concert with said Littman (who was originally a codefendant, but who pleaded guilty to unlawful possession of the narcotic drug and hence was not tried with the defendants-appellants). We find no proof that defendants were in any way associated or connected with Littman, the seller, in a common scheme or plan. Under the circumstances, the learned trial court should have applied the rule that one who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics, and should have granted the defendants' motions to dismiss the indictment (*People* v. *Branch,* 13 A D 2d 714; *People* v. *Buster,* 286 App. Div. 1141; *United States* v. *Sawyer,* 210 F. 2d 169; *United States* v. *Moses,* 220 F. 2d 166). Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm, with the following memorandum: Whether defendants were the agents of the seller as

*the People* contend, or the agents of the buyer as defendants contend, was a question of fact decided by the jury against the defendants. In my opinion, from the evidence adduced, the jury was free to find that defendants were the agents of the seller. As to defendant Lindsey, the proof showed that, immediately prior to the consummation of the sale by Littman (the seller) to the police on October 4, 1958, Lindsey said that Littman had good stuff, that he guaranteed it, that it was "good gunga," and that he could get "pot" for them any time they wanted it. As to defendant Norris, the proof showed that on October 3, 1958, he brought the police officer to Littman's house; and that the next day he (Norris) again brought the officer to Littman and induced Littman to sell the narcotic drug to the officer after a private conversation between them. This evidence was sufficient to present a question of fact for the jury as to both defendants.