■ CONSTANCE PLAINES et al., Appellants, v. EVELYN JONES, Respondent, et al., Defendants.— In a negligence action to recover damages for personal injury, etc., plaintiffs appeal from an order of the Supreme Court, Kings County, made October 23, 1963, which granted the motion of the defendant Jones to dismiss the complaint as against her for lack of prosecution. The record fails to contain the order of October 23, 1963 appealed from. It does contain, however, an order of said court, dated November 15, 1963, granting the motion to dismiss the complaint. It appears from the record and briefs that such order was made upon the granting of reargument, although the order itself does not so indicate. Such order has been reviewed on the court's own motion, pursuant to statute (former Civ. Prac. Act, § 562-a, now CPLR 5517). Order of November 15, 1963, made on reargument, affirmed, without costs. No opinion. Appeal from order of October 23, 1963 dismissed as academic. That order in any event was superseded by the later order of November 15, 1963. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHAUNCEY BRAY, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered April 26, 1963 after a jury trial, convicting him of selling narcotics (Penal Law, § 1751, subd. 1), and of possessing narcotics (Penal Law, § 1751-a) ; and imposing sentence. Judgment affirmed (see People v. Wright, 20 A D 2d 652). Beldock, P. J., Brennan and Hopkins, JJ., concur; Kleinfeld and Christ, JJ., dissent and vote to reverse the judgment insofar as it relates to the conviction and sentence for selling narcotics; to dismiss the count of the indictment which charges defendant with selling narcotics; to vacate the sentence upon the conviction for possession of narcotics; to affirm the judgment insofar as it convicts defendant of possession of narcotics; and to remand defendant to the County Court, Suffolk County, for appropriate resentencing upon the conviction for narcotics possession, with the following memorandum: In our opinion, the proof established that defendant was acting merely as an agent for the purchaser; hence, he cannot be convicted of selling narcotics (People v. Lindsey, 16 A D 2d 805, affd. 12 N Y 2d 958; People v. Branch, 13 A D 2d 714; People v. Buster, 286 App. Div. 1141; United States v. Moses, 220 F. 2d 166; United States v. Sawyer, 210 F. 2d 169). The proof did establish, however, the defendant's guilt of the misdemeanor of unlawful possession of narcotics.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE McMITCHELL, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the former County Court, Kings County, dated June 13, 1962, which denied after a hearing his application to vacate a judgment of said court, rendered May 12, 1955 after a jury trial, convicting him of robbery in the first degree, petit larceny, and assault in the second degree, and imposing sentence. Appeal dismissed as not timely taken. Nevertheless, we have considered the merits, and, if we were not dismissing the appeal, we would have affirmed the order on the merits in any event. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.