■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MANUEL FORTES, Appellant.— Judgment rendered November 15, 1963, convicting defendant of feloniously selling a narcotic drug in violation of section 1751 of the Penal Law, and endangering the health of a child in violation of section 483 of the Penal Law, modified, on the law and on the facts, to the extent of revers-

ing the conviction under section 1751 and ordering a new trial thereon, and, as so modified, affirmed. It was error not to charge as requested and submit to the jury as an issue of fact whether defendant sold the heroin to the complaining witness or was acting at her request and solely as her agent in acquiring the heroin. One who acts solely as the agent of the buyer cannot be convicted of selling narcotics. (*People* v. *Lindsey,* 16 A D 2d 805, affd. 12 N Y 2d 958; *People* v. *Branch,* 13 A D 2d 714; *People* v. *Buster,* 286 App. Div. 1141.) Proof of the $5 gratuity paid by the complainant to the defendant, and the other circumstances such as the use of the room, might have enabled the jury to find that at complainant's request the defendant procured the heroin and arranged for the use of the room solely as her agent. Concur — Botein, P. J., Breitel and McNally, JJ.; Steuer and Eager, JJ., dissent in the following memorandum by Steuer, J. We dissent. The majority has voted to reverse the conviction of this purveyor of narcotics to minors on the ground that the court did not leave to the jury the question of whether, at the time, he was acting as an agent for the young girl who was the purchaser. We submit that there was no factual issue on the proof presented that would require such a submission, and the mere request is not a substitute for evidence. We are not dealing here with a technical question of whether as a matter of commercial law the defendant, in procuring the heroin from his supplier, was acting for the minor purchaser. Even if such were the issue, there is nothing to show that defendant made the purchase on this victim's credit or that when he procured the heroin it became her property. The course of dealing between the parties demonstrates the exact opposite. As on other occasions, she gave him an order, he procured the drug from a supplier, and he turned it over to her when she paid for it. The case relied on by the defendant (*People* v. *Lindsey,* 16 A D 2d 805, affd. 12 N Y 2d 958) presents an altogether different situation. There the purchaser induced the defendant to take him to the supplier, who actually handed over the drug and received the money from the purchaser. An issue is raised as to agency where the purchaser induces the defendant to take him to the supplier and the defendant makes the purchase under the immediate supervision of the eventual buyer (*People* v. *Wright,* 20 A D 2d 652, affd. 15 N Y 2d 555), though even these facts are not conclusive as to an agency but only raise an issue. A holding that the facts here raise an issue is not warranted.