**Lee Bradford SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38508.

Court of Criminal Appeals of Texas.

Nov. 3, 1965.

Rehearing Denied Dec. 15, 1965.

Herschel B. Cashin, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., Thomas L. Douvry, Asst. Dist. Atty., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is an unlawful sale of heroin with a prior conviction of possession of narcotics alleged for enhancement; the punishment, life.

In view of our disposition of this case a recitation of the facts is not deemed necessary other than that which follows. Federal Narcotic Agent Merriweather testified that he had worked in the Houston area for some two years prior to the transaction in question as an undercover agent buying narcotics and that seven dollars a capsule would be a normal price to pay for a capsule of heroin in that area. He further testified that appellant sold him heroin capsules, charging him seven dollars per capsule on the day charged in the indictment. The District Attorney, testifying in the absence of the jury, said that the appellant had been to visit the "people" in the District Attorney's office on several occasions and was obviously a "friend" of theirs.

Appellant, testifying in his own behalf, stated that Merriweather identified himself as a narcotic agent and asked him to make a "buy" from one Clark in order to make a case against Clark. He stated that Merriweather exhibited his credentials and told him that Sheriff Kline had said that appellant would help him make out some narcotics cases. Appellant further stated "when I saw him with George Reyna I knew he was the law," and that he bought the narcotics from Clark paying him $7.00 for each capsule and received no profit from either Clark or Merriweather.

In the face of this testimony the Court declined to grant the following requested charge to which refusal appellant excepted:

"If the defendant was in no way interested in behalf of the seller but acted only as agent of Ronald B. Merriweather in procuring heroin from another, or if you have reasonable doubt thereof, you must find the defendant 'not guilty', and so state in your verdict."

This question has been before this Court many times, the latest being Durham

v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 737, and Townsel v. State, 162 Tex.Cr.R. 433, 286 S.W.2d 162. The rule there expressed is that "If an accused is in no way interested in behalf of the seller but acts only as an agent of the prosecutor he is not guilty of making a sale." The jury should have been given the requested charge or one of like import, and the Court's failure to grant his request constitutes reversible error.

For the error assigned, the judgment is reversed and the cause is remanded.

### ON STATE'S MOTION FOR REHEARING

WOODLEY, Judge.

By brief and oral argument counsel for the state urges that, in view of the definition of "sale" in Section 1 (10) of the Uniform Narcotic Drugs Act (art. 725b Vernon's Ann.P.C.) the Durham decision is unsound and should be overruled, the definition being: " 'Sale' includes barter, exchange, or gift, or offer therefor, and, each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee."

The state cites the case of People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578, 579, wherein the Supreme Court of Illinois expressed the opinion that such definition "shows a legislative intent that the act of a person whether as agent, either for the seller *or the purchaser,* or as a go-between in such a transaction constitutes a sale."

People v. Shannon has been cited with approval in other Illinois cases and by the New Jersey Supreme Court in State v. Weissman, 73 N.J.Super. 274, 179 A.2d 748, 93 A.L.R.2d 1001.

On the other hand, the holding of this Court in Durham v. State is supported by the following decisions of the courts of the State of New York:

People v. Lindsey, 16 A.D.2d 805, 228 N.Y.S.2d 427, affirmed 12 N.Y.2d 958, 238 N.Y.S.2d 956, 189 N.E.2d 492; People v. Branch, 13 A.D.2d 714, 213 N.Y.S.2d 535; People v. Buster, 286 App.Div. 1141, 145 N.Y.S.2d 437; and the recent case of People v. Fortes, 24 A.D.2d 428, 260 N.Y.S. 2d 716 (June 1965) where it was held that it was error not to charge as requested and submit to the jury as an issue of fact whether defendant sold the heroin to the complaining witness or was acting at her request and solely as her agent in acquiring the heroin.

The New York cases cited hold that one who acts solely as agent of the buyer cannot be convicted of crime of selling narcotics, and where it clearly appeared that the defendant in the purchase of narcotics acted as agent for a police officer who had disguised his identity: is in no way associated with the seller in a common scheme or plan, and received no financial profit from the single sale, he is not guilty of the offense of selling narcotic drugs.

All the cases above cited are from courts of states that have adopted the Uniform Narcotic Drugs Act which contains the above quoted definition of "sale".

Though the Illinois Courts have expressed such view, we have found no case where an agent of the purchasing officer who was in no way connected with the seller, and received no profit, has been finally convicted of the offense of sale of a narcotic drug to said officer.

■ We think that the New York cases and the Durham case are correct and reject the view that one who acts only as an agent, servant or employee of a law enforcement officer in the purchase of narcotic drugs for evidence purposes, and who is in no way connected or associated with the seller and receives no financial profit from the single sale, can be guilty of selling the narcotic drugs when the law enforcement officer is not.

See United States v. Sawyer, 3 Cir., 210 F.2d 169; United States v. Moses, 3 Cir., 220 F.2d 166.

Cases from 5th Circuit Court are to the effect that in the Federal Courts the question is "whether the accused acted as a participant in the sale on behalf of the buyer or on behalf of the seller." Jackson v. United States, 5 Cir., 311 F.2d 686; Henderson v. United States, 5 Cir., 261 F.2d 909; Coronado v. United States, 5 Cir., 266 F.2d 719.

We are unable to distinguish this case from Durham v. State, supra.

People v. Fortes, supra, is further authority for our holding on original submission that the trial court erred in failing to submit to the jury the defense raised by appellant's testimony.

The state's motion for rehearing is overruled.