501 P.2d 106

**STATE of Utah, Plaintiff and Respondent,**

v.

**Byron SCHULTZ, Defendant and Appellant.**

**No. 12751.**

Supreme Court of Utah.

Sept. 20, 1972.

---

4. Johnson v. Turner, 24 Utah 2d 489, 473 P.2d 901 (1970); Wood v. Turner, 19 Utah 2d 133, 427 P.2d 397 (1967).

Crockett, J., filed a dissenting opinion in which Ellett, J., concurred.

Richard W. Campbell, Ogden, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The facts we are concerned with in this case are found in the former opinion of the court.[1] We granted a rehearing for the purpose of giving further consideration to the claim of defendant that the issue of his agency should have been submitted to the jury.

The defendant having been charged with the selling of a narcotic drug rather than being in possession of the same raises an issue under the facts of this case as to whether or not the defendant was an agent of the enforcement officer. The facts would support the proposition that defendant was induced by the enforcement officer to procure the controlled substance as the sole agent of the officer, and that the defendant had had no prior association with the seller nor was he acting in concert with the seller in the transaction. The record would also support the proposition that the defendant did not profit from the transaction.

In view of the circumstances we are of the opinion that the defendant's requested instruction, or one of like import, dealing

1. 27 Utah 2d 391, 496 P.2d 893.

with the defendant's agency, should have been submitted to the jury. Admittedly, there is a division in the decisions of other jurisdictions which have construed the Uniform Narcotics Drugs Act but we have elected to follow the decisions handed down by Massachusetts, New York and Texas which appear to us to be the better reasoned.[2]

This case is remanded to the court below for a new trial.

CALLISTER, C. J., and HENRIOD, J., concur.

CROCKETT, Justice (dissenting).

I dissent, and would adhere to the former decision. It is my opinion that the defendant has had his entitlement: a fair trial to the jury under adequate instructions. Under our statute Sec. 76–1–44 U.C.A.1953 which makes anyone who aids or abets in the commission of a crime guilty as a principal, he could be found guilty if if he wilfully and intentionally assisted as a buyer, or as a seller, of narcotic drugs, and whether or not he was acting as an agent of the police officer. The only real basis of defense is entrapment. The question whether the defendant became an agent of the officer cannot be other than an aspect of the defense of entrapment. The

trial judge correctly perceived this and instructed the jury that the defendant would not be guilty if the idea to commit the crime did not originate in his own mind but was suggested for the purpose of entrapping him, and that he could be found guilty only if he "originally and independently of the officers" formed the intention and committed the offense.

I would therefore affirm the conviction.

ELLETT, J., concurs in the dissenting opinion of CROCKETT, J.

---

2. Durham v. State, 162 Texas Cr.R. 25, 280 S.W.2d 737; Townsel v. State, 162 Texas Cr.R. 433, 286 S.W.2d 162; People v. Lindsey, 16 A.D.2d 805, 228 N.Y.S.2d 427; People v. Fortes, 24 A.D.2d 428, 260 N.Y.S.2d 716; Commonwealth v. Harvard, 356 Mass. 452, 253 N.E.2d 346.