The STATE of Utah, Plaintiff and Respondent,

v.

Vickie Lynn SHUPE, Defendant and Appellant.

No. 14136.

Supreme Court of Utah.

Sept. 15, 1976.

Stephen R. McCaughey, Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

In a trial to the court Vickie Shupe was convicted of the offense of selling narcotic drugs.[1] She contends that the evidence does not support her conviction because it indicates that she was induced to commit the crime by an undercover narcotics agent of the Salt Lake police; and that she was thus herself acting as their agent.

On the night of July 16, 1974, an undercover drugs investigator, Carolyn McPhee, was on assignment in the vicinity of Second South and Fifth West, under the observation of police officers. She saw defendant and they exchanged greetings. It is significant to note that after the greeting, it was the defendant who made the next overture: she asked Carolyn McPhee, "Did you come to cop?"[2] Ms. McPhee answered yes. Defendant Shupe then told her, "Don't buy from anybody else"; and walked over to talk with someone in a parked car. When she finished talking, she led Ms. McPhee to a room in the Baywood Hotel. There the defendant introduced Ms. McPhee to a woman called Pat. Ms. McPhee gave ten dollars to defendant, who handed it to Pat. Thereupon Pat produced a balloon baggie of heroin, handed it to defendant, who then handed it to McPhee. Defendant then went to a dresser in the room, opened a drawer, and brought out paraphernalia used in injecting heroin. She offered this to McPhee for her use, but McPhee declined. Defendant and McPhee then left the hotel, walked to the street, and after a short conversation, part-

ed company. Shortly thereafter defendant was arrested.

It is conceded by the State, and clear to everyone, that the defendant was not the actual seller of the drugs. Among his observations upon the evidence, the trial court included the following:

I would have to believe this defendant is guilty of aiding and abetting the sale by encouraging, soliciting in the sense that she took her [the undercover agent] to the woman who had it [the drugs].

This was obviously in reference to Section 76-2-202, U.C.A.1953 as amended,[3] which supplants our former Section 76-1-44, U.C.A.1953. Though not identical in wording, there is no essential difference between them. Under either, a party may be found guilty as a principal to a crime if she solicited, requested, encouraged, aided or abetted another in its commission.

The defense here urged by the defendant: that she was acting as an agent of the police, is a valid defense under proper circumstances.[4] It is closely akin to the defense of entrapment. Its essence is that if one is so acting as an agent of the police, she would in effect be acting under their inducement and stand in their shoes; and consequently would not be committing the offense of her own volition and intent, and hence would not be guilty of crime. Therefore, when the evidence is such that there is a valid basis for considering such a defense, the problem of critical concern is whether the crime is the product of the defendant's own intention and desire, or is the product of some inducement or persuasion by the police. If the latter was the generating cause of the crime, the defendant should not be found guilty. On the other hand, if a person is disposed to commit a crime, the fact that the police or their agent provided an

1. Sec. 58-37-8(1)(a)(ii), U.C.A.1953.

2. This is explained in the evidence as meaning, in the drug vernacular, "to buy narcotic drugs."

3. Enacted as part of our new Criminal Code, Ch. 196, S.L.U.1973.

4. *State v. Schultz*, 28 Utah 2d 240, 501 P. 2d 106.

opportunity to carry out her intent and desire does not vitiate her conviction.[5]

■ In regard to defendant's contention these further observations are pertinent: Though it is referred to as a "defense" of agency, the defendant has no particular burden of proof with respect thereto, except only that the evidence must be such as to raise a reasonable doubt as to her guilt; and concomitantly, where the evidence is in conflict, or reasonably susceptible of differing inferences, the question is one of fact for the trial court (or jury) to determine.

■ When we consider the evidence here in the light of the principles just stated, and under standard rule of review: that we assume that the trial court believed those aspects of the evidence which support the verdict, these facts with respect to defendant's conduct seem significant: Before the defendant had any contact with the police or their undercover agent, it was she who initiated the transaction by approaching the undercover agent, Ms. McPhee, and asking the latter if she had "come to cop," that is, to purchase the drugs. It is fairly inferable that she was anxious to consummate a drug sale and had an interest in doing so, because she asked Ms. McPhee not to buy from somebody else. Further, she was familiar with the place where she took Ms. McPhee; she handled the money, went to a drawer and brought out the drug equipment.

In his discussion of the evidence the trial judge rejected the defendant's contention that she was innocent of criminal intent and stated that he believed the State had proved all of the elements of the offense beyond a reasonable doubt. On the basis of our discussion herein it is apparent that there is substantial support in the evidence for that belief. Upon our survey of the record we have found no ground which would justify reversing the judgment.

Affirmed. No costs awarded.

HENRIOD, C. J., ELLETT and MAUGHAN, JJ., and DON V. TIBBS, District Judge, concur.

TUCKETT, J., does not participate herein.

5. See Sec. 76–2–303, U.C.A.1953; *State v. Kasai*, 27 Utah 2d 326, 495 P.2d 1265; *State v. Pacheco*, 13 Utah 2d 148, 369 P.2d 494; *People v. Beccera*, 175 Cal.App.2d 53, 345 P.2d 269; *State v. Bagemehl*, 213 Kan. 210, 515 P.2d 1104.