■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK WHITTER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered October 5, 1975, convicting him of criminal sale of a controlled substance in the first degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. Defendant's conviction rests upon a single sale of a substantial amount of heroin to two undercover agents. The record is clear that defendant helped arrange the sale solely at the behest and continued insistence of a confidential informant whom defendant had known previously. The heroin did not belong to defendant, but rather, to a codefendant whom defendant had *not* known prior to the night in question. In this nonjury trial, the trial court did not find that the defendant was the seller or the agent of the seller. In fact, it made inconsistent findings, stating in part, in denying a motion to dismiss made at the close of the entire case: "However, the Court finds the record, *at best, inconclusive* on the subject, which means that the Court is not in a position, based on this record, to show, to conclude rather that the Defendant acted exclusively and only as an agent for the buyer, unless that finding could be made from the record here, the agency defense from this theory cannot be sustained" (emphasis supplied). The trial court later went on to say: "So, that viewed from anyone of those prospectives *[sic]*, I think it's fair to say that the *People's proof has been sufficient* on this record to dispute, to refute the claim that the Defendant acted solely and exclusively as the agent for the buyer" (emphasis supplied). It is also significant that the trial court was of the opinion that defendant was not interested in profiting from the transaction, but was motivated instead by compassion for the buyer. In sentencing the defendant, it stated: "Unfortunately, the law doesn't make any distinction between the fellow who does things like this for profit and another fellow who does things like this just out of the goodness of his heart. I'm convinced that your involvement in this case, in this whole series of transactions arose primarily sort of out of the goodness of your heart, so to speak, if you can call it good, giving another person drugs, knowing the sure destruction that must follow from overindulgence in narcotic drugs. And I say that because you, yourself, have had that same experience. * * * I wish the sentence that I'm about to impose could be less. I think in many, many respects a distinction should be made between the fellow who does things like this for profit and the fellow

who does things like this just to help out another human being". The proof was clearly to the effect that the defendant acted solely as the agent of the buyer. The motion to dismiss the indictment should therefore have been granted, since one who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics (see *People v Lindsey,* 16 AD2d 805, affd 12 NY2d 958). Cohalan, Damiani and Shapiro, JJ., concur; Hopkins, Acting P. J., concurs in the result as to the reversal of the judgment, but otherwise dissents and votes to order a new trial, with the following memorandum, in which Martuscello, J., concurs. I do not find the proof so clear and substantial that it may be said as a matter of law that the defendant was the agent of the buyer. The Criminal Term could fairly hold on this record that the defendant was not an agent of either the buyer or the seller, but was acting in concert with the seller. There was proof that the defendant knew that the sale of two ounces of heroin, worth $11,000, was involved; that he brought the buyer and seller together at a meeting arranged by him; and that the defendant was to receive between $1,500 to $3,500 as a result of the sale. Thus, the defendant could be determined to be independent of both the buyer and the seller, but acting on his own behalf in bringing the parties together for a consideration. However, I am of the view that a new trial is required, because the confidential informant, on the defendant's counsel's request, was not declared to be a hostile witness, subject to cross-examination. It is not absolutely fatal to the right of cross-examination that the party seeking such right has called the witness to the stand. If the witness is hostile or unwilling to testify, the party calling him may cross-examine him *(People v Sexton,* 187 NY 495, 509: *Becker v Koch,* 104 NY 394, 401). Here, the fact of hostility *is* self-evident, and, indeed, the witness refused to answer several questions put to him by the defendant's counsel on the ground of the Fifth Amendment. Hence, the defendant's right to cross-examination was wrongly curtailed, thereby depriving him of his constitutional guarantee to a fair trial (see *Chambers v Mississippi,* 410 US 284, 295–298).