**STATE of Utah, Plaintiff and Respondent,**

v.

**Lynn KING, Defendant and Appellant.**

**No. 14192.**

Supreme Court of Utah.

May 11, 1977.

D. Gilbert Athay, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl L. Dorius, Asst. Atty. Gen., R. Paul VanDam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

In a trial to the court Lynn King was convicted of the offense of selling marijuana.[1] His defense was that he had been induced to act as the procuring agent by a police officer and was therefore not intentionally and voluntarily committing a crime.

On the evening of January 10, 1975, defendant and Allan Campbell, an undercover police officer, met at the Big Union Bar in Salt Lake City. Officer Campbell asked defendant to "score a lid"[2] of marijuana for him. Defendant told Mr. Campbell to come by his house later on that night. When Mr. Campbell arrived there, defendant handed him a bag containing marijuana. Mr. Campbell offered him a ten dollar bill. But defendant said that his friend

---

1. Sec. 58–37–8(1)(a)(ii).

2. In the drug vernacular, "to purchase a small plastic bag" of marijuana.

wanted twelve dollars for the drugs. Mr. Campbell gave defendant the two extra dollars.

 It is recognized that if a person is acting as a law enforcement officer, or as his agent in the sale or purchase of such drugs as part of his law enforcement duties, he would not be guilty of the offense charged. [3] A key issue here is whether the crime was the product of defendant's own intention and desire, or was the product of some inducement or persuasion by the police.[4] If the latter, then defendant should not be found guilty. But if the police simply provide an opportunity for a ready and willing person to commit a crime, the fact the police did so does not invalidate a conviction.[5]

 Considering the evidence in light of the above-stated principles, the following facts are significant: After the inquiry was made by officer Campbell, it was the defendant who directed the conditions and arrangements for the transaction; that the officer should come to the defendant's home; that the defendant knew of and exacted the price for the drugs, which he knew where and how to obtain.

 From the facts shown and the inferences that reasonably could be drawn therefrom, there is a basis in the evidence upon which the fact trier could believe beyond a reasonable doubt that this was not a situation where a crime was initiated by the inducement of a police officer, but that the defendant was actively, willingly and voluntarily participating in the sale of drugs. Even though it may be that there was some evidence from which the trial court could have found the other way, the prerogative as to the findings to be made is that of the fact trier; and it is our duty to assume that he believed those aspects of the evidence which support the verdict rendered.[6]

Accordingly, the judgment is affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

**3.** *State v. Schultz,* 28 Utah 2d 240, 501 P.2d 106.

**4.** *State v. Shupe,* Utah, 554 P.2d 1322.

**5.** Id. and cases cited therein, including *State v. Kasai,* 27 Utah 2d 326, 495 P.2d 1265.

**6.** *State v. Kaae,* 30 Utah 2d 73, 513 P.2d 435.