■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD

GEORGE McLEOD, Appellant.—Judgment, Supreme Court, Bronx County, rendered July 24, 1975, convicting defendant of criminal sale of a dangerous drug in the third degree and related crimes, and sentencing him thereon, is affirmed. The evidence in this case presented a question of fact as to whether defendant was acting solely as agent for the buyer. The charge fairly presented this question of fact to the jury and the jury resolved it against defendant. Concur—Lupiano, J. P., Birns and Silverman, JJ.; Markewich, J., dissents in the following memorandum: The motion made at the end of the People's case—certainly, at the end of the entire case—to dismiss the indictment should have been granted on the basis of the ancient rule of law that where the evidence permits either an inference of innocence or of guilt, that inference consistent with innocence must be drawn. Defendantappellant was charged with drug-related crimes, particularly sale and possession. The theory of the People's case was that defendant had acted in concert with others to bring about sale of the contraband to undercover Policeman Rodriguez. It was the defendant's contention that, in the entire transaction, he acted solely as the agent for the purchaser and not as one of the sellers, either directly or as agent for them, and was therefore not guilty of the sale. (People v Lindsey, 16 AD2d 805.) The jury chose to accept the prosecution's version of the transaction, i.e., that defendant was the sellers' agent. The fairness of the charge need not be discussed herein because, in our view, the case should never have gone to the jury. The relevant facts gleaned from the record before us may be briefly summarized. Indeed, there seems to be no serious quarrel with the police testimony. The thrust of this writing is that, whether viewed alone or in the light of defendant's unrefuted explanatory evidence, the fact pattern is susceptible of the inference that defendant was the buyer's and not the seller's agent and that therefore the inference consistent with innocence should have prevailed. Not alone that but, on the entire case, defendant was entitled to a directed acquittal. One McQueen, cousin of defendant's wife, was a confidential police informer in the service of Rodriguez. McQueen introduced the latter as his brother-inlaw to defendant as a prospective purchaser of cocaine, and brought the officer to defendant's home. There, the officer gave defendant a packet of cocaine as a sample of what he wished to procure. When Rodriguez left, the other two used the cocaine. Some days later the officer spoke to defendant about arranging a purchase. About two to three weeks later came the denouement. The three met at defendant's home, where a phone call was received from codefendant Miller concerning what Rodriguez had been seeking. The following day, defendant and Miller picked up codefendant Green, and these three went to the apartment of one Meggett, who produced a package of white powder. Rodriguez asked defendant to test it, and defendant removed a small quantity and performed a testing procedure of the same kind theretofore performed by the officer in defendant's presence. (This formed the basis for the possession charge.) Rodriguez paid $2,800 to Meggett, which the latter divided with Green. Defendant received nothing. In the interval between introducing and purchase, Rodriguez had procured a wiretap order for defendant's phone, and several conversations were heard in which defendant was endeavoring to procure the cocaine Rodriguez had ordered. So much for the People's case. Defendant's explanatory testimony was to the effect that his procurement of the stuff was for McQueen, his wife's cousin, who had approached him for assistance and asked him to help Rodriguez. McQueen excused involvement on his own stating that he owed his "brother-in-law" (Rodriguez) money. On the day after Rodriguez' request of defendant to arrange a purchase, defendant told McQueen about it, and

the latter said that he would "round up" a source. On the very day that the purchase was made, McQueen told him that Rodriguez required a kilo. McQueen was never called as a witness. The testimony given by defendant was not refuted in any way at all and stands without contradiction. It is not in conflict to the extent of one iota with the evidence given by the People's witnesses and does no more than add facts to the pattern. The entire factual pattern viewed as a whole supports an inference of innocence, or, at the very least, provides an inherent reasonable doubt. It is the prosecutor's duty to prove every essential element of the crime charged (CPL 70.20). One such element of the crime charged is criminal intent to sell the controlled substance. The defense of agency is not a statutorily defined affirmative defense, but it does constitute a complete defense. "One who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics" (People v Lindsey, supra, p 805). As to the issue so raised, the prosecutor has the burden of proof beyond a reasonable doubt (Penal Law, § 25.00, subd 1). This was not accomplished, and defendant was entitled, if not to dismissal at the end of the case against him, to a directed acquittal at the end of the entire case. The case presented is even stronger for acquittal than that found in People v Whitter (54 AD2d 987), and its teaching fully applies here. There is a reasonable doubt as a matter of law. (People v Ledwon, 153 NY 10.) As to the charge of possession, the same reasons obtained as for the sale charge; as to this it must also be observed that defendant, in carrying out the rough street test of the purchase at the officer's request, never had that possession sufficient to satisfy the statutory definition: "to have physical possession or otherwise to exercise dominion or control over tangible property" (Penal Law, § 10.00, subd 8). One further comment should be made. While an affirmative defense of entrapment was unsuccessfully pursued in this trial, this case is unpleasantly close in flavor to People v Munoz (54 AD2d 844), wherein we condemned the practice there pursued of setting up an informant to encourage another person to become involved in a drug transaction. The judgment of conviction after trial to a jury should be reversed and the indictment dismissed.