The STATE of Utah, Plaintiff and Respondent,

v.

Archie CASIAS, Defendant and Appellant.

No. 14559.

Supreme Court of Utah.

July 26, 1977.

Stephen R. McCaughey of Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

Appellant was charged with the offense of distribution for value of a controlled substance on June 17, 1975, under Section 58–37–8(1)(a)(ii), U.C.A., 1953 as amended (Utah Controlled Substances Act). He was tried by jury and found guilty whereupon he moved for a mistrial. The motion was granted and the case reset for trial. On November 20, 1975, this case was heard before the same court but sitting this time without a jury, and the evidence from the earlier jury trial was submitted by stipulation of counsel. Appellant was found guilty and now brings this appeal, claiming the court erred in the following particulars:

(1) That appellant was entrapped into committing the offense as a matter of law, and

(2) That appellant was an agent of the buyer as a matter of law and, therefore, not guilty.

The applicable statute allowing entrapment as an affirmative defense is 76–2–303, U.C.A., 1953 as amended (1975 Pocket Supp.) and states in part as follows:

(1) . . . Entrapment occurs when a law enforcement officer . . . induces the commission of an offense in order to obtain evidence of the commission for prosecution by methods creating a substantial risk that the offense would be committed by one not otherwise ready to commit it. *Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.* [Emphasis added]

■ Before a person can be found guilty of any criminal offense, he must possess the culpable mental state required by law,[1] and this mental state requires that he act "intentionally, knowingly, recklessly or with criminal negligence."[2] The definitions of these terms are also given in the Utah Code.[3] "Intentionally" is construed to mean that the actor has the requisite mental state when it is his conscious objective or desire to engage in the conduct or to cause the result; and "knowingly" means that the actor is aware that his conduct is reasonably certain to cause the result. The Utah Controlled Substances Act[4] under which appellant was charged expressly states that the mental culpability required is "intentionally" and "knowingly." ·

■ Applying these requirements to the entrapment statute, it is apparent that the mental state of the actor must be examined in order to determine whether the methods used by the law enforcement officer would cause an otherwise innocent person to commit a crime; or whether the methods used comprise conduct that merely gives a person an opportunity to commit a crime—an opportunity that will not be utilized unless the culpable mental state is existent.

■ Pre-code cases decided by this Court are not inconsistent with this construction of the penal statutes. In *State v. Pacheco*[5] it was stated:

If the crime was in fact so instigated or induced by what the officer did that the latter's conduct was the generating cause which produced the crime, and without which it would not have been committed, the defendant should not be convicted. On the other hand, if the defendant's attitude of mind was such that he desired and intended to commit the crime, the mere fact that an officer or someone else afforded him the opportunity to commit it would not constitute entrapment · · ··

The state of mind of the accused should focus on whether or not the crime was voluntary on the part of the defendant or was induced *solely* by the actions of the prosecution, against the will of the defendant. In the instant case, the appellant admitted having agreed to obtain marijuana for the undercover narcotics officer the first time he was requested to do so. He does not claim that he was reluctant to accommodate the request nor does he claim that he was persuaded to do something against his will. He was merely given the opportunity—an opportunity that he freely and voluntarily accepted.

This state has consistently applied the above-stated rule that entrapment does not exist when a law enforcement officer merely gives the defendant an opportunity to commit a crime and does not attempt to persuade him to do so against his better judgment. In *State v. Perkins*[6] it was stated:

---

1. 76–2–102, U.C.A., 1953 as amended (1975 Pocket Supp.).

2. 76–2–101, U.C.A., 1953 as amended (1975 Pocket Supp.).

3. 76–2–103, U.C.A., 1953 as amended (1975 Pocket Supp.).

4. 58–37–8(1)(a)(ii), U.C.A., 1953 as amended.

5. 13 Utah 2d 148, 151, 369 P.2d 494 (1962).

6. 19 Utah 2d 421, 425, 432 P.2d 50 (1967).

In determining whether entrapment is a defense, we must draw a line between trapping unwary, innocent people who are not inclined to commit the crime, and trapping an unwary criminal who gets caught in his own schemes because of his misplaced confidence. . . .

■ Whether entrapment exists or not is a question of fact as discussed by this Court in *State v. Curtis*.[7] There, the appellant used entrapment as a defense because he claimed he was induced to procure drugs in exchange for sexual favors from the undercover officer. The undercover woman denied the granting of sexual favors and in deciding against the appellant, the Court said:

. . . under this conflicting evidence the problem of entrapment was a question of fact, which depended upon the credibility of the witnesses.

In *Curtis*, the trial court believed the testimony of the undercover agent. In the case now before this Court, the trial judge believed the testimony of the police officer. We have often held that this court cannot substitute its discretion for that of the trial court unless it is clear that the lower court abused its discretion.[8] The credibility of witnesses is for the trier of fact to determine.

Testimony given was to the effect that appellant said "everybody in town was out but him (the seller)," and "everybody he knew in town was going to that place (the seller)." He also said, "This man (the seller) is usually a last resort." This testimony, coupled with appellant's admission that he knew how to obtain marijuana and agreed to do so when asked, would lead a reasonable person to conclude that the appellant was acquainted with and engaged in an illegal activity. There is nothing in the record to indicate such an obvious abuse of discretion exists on the part of the trial court that it would require reversal by this Court.

■ Appellant's claim that he was acting merely as the agent of the undercover officer is not well taken. It has been established in the past that the defense of agency comprises the following considerations:

(1) The defendant must be induced by the enforcement officer to procure the controlled substance;

(2) The defendant must have no prior association with the seller;

(3) The defendant must not have acted in concert with the seller;

(4) The defendant must not profit from the transaction.[9]

The foregoing elements are nothing more than an extension of the entrapment defense and depend upon the relevant facts for determination. Applying the above tests to the facts at hand, it can be seen that appellant willingly agreed to obtain marijuana and was not induced to do so. By his own testimony, it could be concluded that he had prior association not only with the particular seller involved but with other sellers as well. While the record is not clear as to whether or not appellant received any profit on the transaction, evidence was admitted showing that "shorting a bag," i. e., taking some of the contents for oneself, is a common practice to insure a profit. This point was not conclusive but it does put the issue of agency into conflict and, therefore, becomes a question of fact for the trier of the fact to resolve.

In any event, it appears that the statute under which appellant was charged has made any discussion of any agency defense moot. Section 58–37–8(1)(a), U.C.A., 1953, as amended reads as follows:

Except as authorized by this act, it shall be unlawful for any person knowingly and intentionally:

\* \* \* \* \* \*

(ii) To distribute for value or possess with intent to distribute for value a con-

7. Utah, 542 P.2d 744 (1975).

8. *State v. Harris*, 30 Utah 2d 77, 79, 513 P.2d 438 (1973); *State v. Allgood*, 28 Utah 2d 119, 120, 499 P.2d 269 (1972).

9. *State v. Schultz*, 28 Utah 2d 240, 241, 501 P.2d 106 (1972).

trolled or counterfeit substance; . ..

It is the definitional statute,[10] however, that proves, illuminating:

(6) The word "deliver" or "delivery" means the actual, constructive, or attempted transfer of a controlled substance, *whether or not there exists an agency relationship.* [Emphasis added]

\* \* \* \* \* \*

(8) The word "distribute" means to *deliver* . . . a controlled substance. . . .

The foregoing definition indicates that agency is not determinative, or even to be considered, in finding criminal culpability under the Utah Controlled Substances Act; and as a defense, therefore, it has been nullified. Further, the provisions of this Act are controlling over any conflicting state statutes.[11] Other statutes that do permit the defense of agency for other criminal offenses are not applicable to narcotics violations.

We find as a matter of law, that appellant was not entrapped; and further hold that agency is not available as a defense for offenses charged under the Utah Controlled Substances Act. The judgment of the trial court is affirmed. No costs are awarded.

CROCKETT and HALL, JJ., concur.

MAUGHAN and WILKINS, JJ., concur in the result.

---

**10.** 58–37–2(6) and (8), U.C.A., 1953 as amended.

**11.** See Laws of Utah, 1971, Ch. 145, Sec. 20 and 58–37–19, U.C.A., 1953 as amended.