(October 27, 1977)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN

COLEMAN, Appellant.—Judgment of the Supreme Court, New York County, rendered October 15, 1975, convicting defendant of two counts of criminal sale of a controlled substance in the second degree and sentencing him to two concurrent terms of from eight years to life, unanimously reversed, on the law, and a new trial is directed. There was evidence in the record to permit a jury to find that appellant was acting as an agent for Police Officer Delgado in the purchase of narcotics by that police officer; and, consequently, the issue of agency should have been submitted to the jury as requested by defendant. On each of the two dates embraced in the indictment on which the sales were alleged to have occurred (Sept. 10, 1974 and Sept. 16, 1974), there was evidence that the defendant had not offered to sell narcotics, but sought merely to assist the police officer by introducing him to his, defendant's, connection. Except for the act of handling the drugs on September 10, 1974, which passed from one Muncho to Police Officer Delgado, defendant had not touched any of the drugs received by that police officer or kept any of the moneys paid for them. Although defendant did receive a tip of $10 on two occasions from the police officer, this court has held *(People v Fortes,* 24 AD2d 428) that the receipt of a tip does not foreclose a defense of agency. The record before us does not appear to reflect a case where it could be said that no view of the evidence indicates that defendant was anything but a seller. On the contrary, where "a most favorable view of the evidence would support a conclusion that the defendant acted solely for the police officer who sought to obtain narcotics * * * the court was required to charge 'agency' as requested by defense counsel" *(People v Melendez,* 57 AD2d 522; *People v Roche,* 58 AD2d 783). Here the trial court committed error in refusing to submit the issue of "agency" to the jury as requested by defense counsel. We reject the claim of the District Attorney that the court's charge did, in effect, embrace the question of agency. We do not find the charge a clear delineation of that issue. Concur— Murphy, P. J., Lupiano, Birns and Lane, JJ.