432 P.2d 50

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Paul PERKINS, Defendant and Appellant.**

**No. 10714.**

Supreme Court of Utah.

Sept. 27, 1967.

Jimi Mitsunaga, Legal Defender, Gerald H. Kinghorn, Asst. Legal Defender, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., J. Franklin Allred, Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice:

The defendant was convicted of possessing and selling a narcotic drug, to wit, heroin. By this appeal he makes two claims of error on the part of the trial court. First, he says the evidence shows entrapment as a matter of law and the court erred in not granting his motion to dismiss at the end of the State's case. Second, he assigns error on the part of the trial court in permitting the State, before defendant had offered any affirmative defense of entrapment, to prove prior contacts between the defendant and the undercover agent tending to show that the defendant had committed similar crimes.

The undisputed facts of this case as revealed by the undercover agent are substantially as follows:

The police officers believing that the defendant was selling narcotics gave the undercover agent money and directed him to purchase heroin from either the defendant or another suspect. Near midnight on March 29, 1965, the agent located the defendant in a beer lounge and seated himself about four or five stools distant from him. The defendant approached without invitation and seated himself next to the agent. The agent then indicated that he would like to get a capsule of heroin, whereupon the defendant replied that he could possibly get it for him, although the quality would not be too good. The price was discussed, and the defendant said it would be six dollars. The money was given to the defendant, who disappeared, with the understanding that he would be back in some fifteen or twenty minutes.

About thirty minutes later the agent went out to look for the defendant, and when he located him, defendant said he had been unable to secure the heroin and offered five marijuana cigarets to the agent, which were received, and then the defendant asked for one back, which he smoked.

Defendant then told the agent that he could get some heroin from another source, but it would cost an additional six dollars. This six dollars was also paid. The two then went to a hotel, the agent remaining outside while the defendant went into the building. In three or four minutes he returned with a capsule of heroin and gave it to the agent.

Upon cross-examination of the undercover agent counsel for the defendant played up the idea of entrapment, and on redirect examination the prosecuting attorney inquired of the agent regarding other contacts and elicited the following facts over objection of defendant's counsel:

On January 28, 1965, the defendant without solicitation on the part of the agent asked agent if he wanted to buy a tin (marijuana) for fifteen dollars and said

the usual price was twenty dollars, and if agent wanted the tin, he would have to take it then because it was a good bargain and could be sold to someone else. The agent paid the fifteen dollars and took the tin of marijuana and subsequently turned it over to the police. On February 2, 1965, the defendant sold two sticks (two marijuana cigarets) to agent for two dollars. Also on February 6, 1965, defendant sold two sticks (two marijuana cigarets) to agent for two dollars. On March 27, 1965, the defendant sold to a man with whom agent was working, in the presence of the agent, two sticks for two dollars.

This court has on several occasions discussed the principles of entrapment, the most recent being in the case of State v. Pacheco, 13 Utah 2d 148, 369 P.2d 494, where it was said:

> For a peace officer to procure a person to commit a crime, which he otherwise would not have committed, for the purpose of apprehending and prosecuting him is entrapment. This is so discordant to the true function of law enforcement which is the prevention, not the causation, of crime; and so repugnant to fundamental concepts of justice that the conviction of an accused under such circumstances will not be approved. When that issue is present, the question is whether the crime is the product of defendant's own intention and desire, or is the product of some incitement or inducement by the peace officer. If the crime was in fact so instigated or induced by what the officer did that the latter's conduct was the generating cause which produced the crime, and without which it would not have been committed, the defendant should not be convicted. On the other hand, if the defendant's attitude of mind was such that he desired and intended to commit the crime, the mere fact that an officer or someone else afforded him the opportunity to commit it would not constitute entrapment which would be a defense to its commission; and this would not be less true even though an undercover man went along with the defendant in the criminal plan and aided or encouraged him in it.

We will discuss the second claim of error first because if the evidence received was competent, it would have a bearing on how the court should rule on the first claim of error.

■ The evidence regarding prior contacts between the agent and the defendant was competent to rebut the claim of entrapment. It was offered to enable the jury to determine whether the defendant was an innocent person whose mind was being influenced by suggestions of the agent or whether he had a disposition to deal in narcotics when the proper situation arose.

■ While it is true that evidence of prior similar crimes may not be offered

until the defendant makes a showing of entrapment, nevertheless the defendant may make such a showing by his cross-examination of the State's witnesses; and the defendant by remaining silent should not prevent the State from showing the true picture if the issue of entrapment is to go to the jury.

The defendant in this case did not affirmatively offer evidence of entrapment and now wants us to announce the rule that until he does, no evidence of prior dealings between the defendant and the agent can be received in evidence.

■ This we refuse to do. We think and hold that in any case where the issue of entrapment is introduced by the defendant the prior contacts between the defendant and agent can properly be given in evidence to show the state of mind of the defendant even when such contacts show unlawful acts, unless the defendant makes known to the court that he is not relying upon entrapment as a defense. In determining whether entrapment is a defense, we must draw a line between trapping unwary, innocent people who are not inclined to commit the crime, and trapping an unwary criminal who gets caught in his own schemes because of his misplaced confidence. To determine on which side of the line the defendant is to be placed in any given case, the jury must know the predisposition of the defendant to commit or not to commit similar crimes. The amount of persuasion should not be of importance when it is used upon one who is in readiness to commit the crime in question. That persuasion which induces the criminally inclined to lose his wariness is not entrapment at all, but that persuasion which overcomes the natural reluctance on the part of an innocent person to commit a crime which he otherwise is not predisposed to do is entrapment.

■ The defendant makes much of the fact that he did not have the heroin on his person or in his possession and had to go out to buy it for one he thought to be his buddy. It is no defense that a peddler of narcotics does not keep the drug upon his person. It is a precautionary smoke screen which a criminal could throw up in the hope that in making the sale he could better pretend that he was entrapped than if he produced the narcotic from his person. In case of a sale it is just as much a crime for him to have a secret source where he can readily secure the narcotic as it is for him to have the narcotic on his person.

Since the evidence of prior dealings between the defendant and the agent was properly received, there was sufficient evidence to go to the jury on the question of guilt or innocence, and the court did not err in denying the motion for a directed verdict at the end of the State's case.

Under proper instructions the jury found the defendant guilty, and we do not think that verdict should be overturned.

**426**

The judgment of the trial court is affirmed.

CROCKETT, C. J., TUCKETT, J., and CHARLES G. COWLEY, District Judge, concur.

HENRIOD, J., concurs in the result.

CALLISTER, J., not participating