Lawrence H. HIGBY, Jr., Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 3905.

Supreme Court of Wyoming.

May 28, 1971.

David N. Hitchcock, Laramie, Patrick F. Crow, Senior Law Student, University of Wyoming, for appellant.

James E. Barrett, Atty. Gen., William L. Kallal, Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Defendant was charged in two counts (1) with the unlawful sale of a narcotic drug to David Reng, over twenty-one and (2) with conspiracy to commit a felony. His counsel moved for dismissal on the ground that the State's evidence as presented at the preliminary hearing showed him to have been entrapped and acting as an agent of the State. This motion was denied as was a motion for change of judge,[1] and thereafter defendant's counsel signed and filed "Waiver and Withdrawal of Defense," stating, "Defendant Lawrence H. Higby, Jr., hereby withdraws and waives the defense of entrapment * * *." Upon a hearing of the cause the jury rendered a verdict of guilty on the first count, "Illegal sale of a narcotic drug." The following day defendant appeared before the court for sentence, at which time his counsel requested probation, saying that defendant desired to undergo treatment at the state hospital under the drug abuse program, had no previous felonies, and only three minor misdemeanors in the past. The court thereupon recited a conversation with defendant's father, and with another judge who had been requested by the father to call the court concerning defendant. The county attorney on being interrogated said that defendant had been suspected of being a pusher in Lander, his home town, had at Laramie lived in the "Sixth Street house," which had been the hub of the drug activities, and that at the time of his arrest he had forty-two tablets of LSD and three hypodermic syringes with needles. The court sentenced defendant for a period of eighteen to twenty-four months in the penitentiary. His counsel filed a timely notice of appeal and concurrently a motion for reduction of sentence and affidavit for change of judge on the ground that he believed because of "the bias, or prejudice" of the presiding judge he could not obtain a "fair trial." The motion for change of judge was denied, and defendant then unsuccessfully sought a writ of prohibition from this court to prevent the judge's proceeding with the hearing of the motion for reduction of sentence, which reduction was thereafter denied, and the present appeal has resulted.

There is no dispute concerning the occurrences which were the basis for the prosecution. Two students, working with the campus police, were given money to "make a buy" of narcotics. They went to an eating place to meet one Pryor, who had promised to sell them marijuana. Pryor was not there and when they saw defendant one of them asked him to join them at their table. They asked him if he knew where Pryor was, explaining he was to bring them marijuana. Higby said he did not know but that he could get them "some stuff." As a result one of the students later accompanied defendant to the house where he was living, gave him ten dollars, which he gave to one Warren Brown, who passed a tinfoil packet of "hash" to defendant, who in turn handed it to the student.

In his appeal defendant presents four grounds of error:

1. Section 35–369, W.S.1957 (1969 Cum.Supp.), dealing with penalties under the Uniform Narcotic Drug Act (§§ 35–348 to 35–371, W.S.1957), is unconstitutionally vague and void.

2. The denial of the motion for change of judge, filed prior to the motion for reduction of sentence, was error.

3. The court erred in overruling defendant's motion to dismiss and his motion for a directed verdict since an individual is not guilty of selling contraband when he is an agent of the police or buyer, rather than a seller, and receives no profit from the alleged sale.

4. The charges against defendant should have been dismissed since entrapment was established as a matter of law at the preliminary hearing.

1. The motion for change of judge was denied because of untimely filing.

### Constitutionality of Statute

Defendant argues that § 35–369 under which he was sentenced is unconstitutionally vague, ambiguous, indefinite, and uncertain, and therefore, void, or in the alternative, if it is deemed not unconstitutionally vague, then he should have been sentenced under (a) of the section.[2]

Unconstitutionality of the statute was not raised in the trial court and therefore ordinarily would not be entitled to consideration on appeal.[3] Even had such aspect been presented to the trial court we note that while there has been a lack of uniformity in the penalty provisions of the various states adopting the Uniform Narcotic Drug Act provisions similar to those in Wyoming have been held not invalid as unconstitutionally vague. People v. Hightower, 414 Ill. 537, 112 N.E.2d 126, 129, certiorari denied 346 U.S. 875, 74 S.Ct. 128, 98 L.Ed. 383. As to the alternative contention that defendant should have been sentenced under § 35–369(a) we find the argument to be without merit since according to the familiar rule of statutory construction, general legislation must yield to special legislation on the same subject whether the provisions are found in the same statute or in different statutes. State v. Ginther, 53 Wyo. 17, 77 P.2d 803, 807.

### Motion for Change of Judge

Sentence was pronounced by the trial court May 6, 1970, and on June 5, 1970, defendant moved for reduction of sentence and for change of judge. On July 7, 1970, the court entered an order denying the motion for change of judge; and hearing was had July 14, 1970, on the motion for reduction of sentence, which motion was denied July 16. Defendant now contends that reversible error was committed by the trial judge in the denial of his June 5 motion for change of judge. He "earnestly and sincerely seeks to have this Court decide and declare that Rule 23(d) of the Wyoming Rules of Criminal Procedure is applicable after judgment and sentence, and may be invoked by a Defendant in connection with *post-conviction proceedings,* including most specifically motions for reduction of sentence." (Emphasis supplied.) We do not question that to guard against prejudice in a post-conviction proceeding (which by statutory provision is a separate trial) Rule 23(d) should apply, but a hearing on a motion for reduction of sentence is not a trial. Essentially such a motion is a plea for leniency, presupposing a valid conviction,[4] addressed to the discretion of the sentencing court.[5] It is also within the discretion of the trial court whether a hearing is necessary on such a motion. "A motion to reduce a legal and valid sentence is addressed to the sound discretion of the trial judge and is ordinarily considered by the judge informally and in chambers." United States v. Garrick, 4 Cir., 399 F.2d 685. Thus Rule

---

2. Section 35–369(a): "Any person who violates any of the provisions of section 35–348 to 35–371 * * * shall upon conviction for the first offense be fined not more than one thousand dollars ($1,000.00) and imprisoned not more than six (6) months in the county jail. * * *"
Section 35–369(d): "Any person who sells, dispenses, or administers any narcotic drug to any person twenty-one (21) years of age or older * * * shall, upon conviction, for the first offense be imprisoned not more than ten (10) years * * *."

3. In re Shreve, Wyo., 432 P.2d 271, 273; Beck v. Washington, 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98, 107 (rehearing denied 370 U.S. 965, 82 S.Ct. 1575, 8 L.Ed.2d 834); 24 C.J.S. Criminal Law § 1676, p. 1163.

4. Poole v. United States, 102 U.S.App.D.C. 71, 250 F.2d 396, 401.

5. McCartney v. United States, 9 Cir., 382 F.2d 116, 118; Flores v. United States, 9 Cir., 238 F.2d 758, 760; 2 Wright, Federal Practice and Procedure § 586 (1969).

23, W.R.Cr.P., was not here applicable, and the trial court committed no error in denying the motion made thereunder.

### Sale

■ Defendant argues that an individual is not guilty of selling contraband when he is an agent of the police or buyer rather than the seller and receives no profit from the sale. On that basis he contends there was no sale here and the court erred in overruling the motions to dismiss and for a directed verdict. Although we are unwilling to accept as proven the facts which he assumes, we consider arguendo the applicable law, were his assumption of facts valid. At the inception we note the Uniform Narcotic Drug Act definition of sale, identical to that in § 35–349(10): " '*Sale*' includes barter, exchange, or gift, or offer therefor, and each such transaction made by any person, whether as principal, proprietor, agent, servant or employee." This, of course, makes any discussion of sale in the ordinary commercial sense inapplicable and opinions concerning subjects other than drugs unpersuasive.

In the specific area dealing with the statutory definition of sale under the Uniform Narcotic Drug Act, we find relatively few decisions to have treated the subject —perhaps because the statutory definition is quite complete. A summary of these is found in Annotation, 93 A.L.R.2d 1008 and 92–100 A.L.R.2d Later Case Service 60. Analysis indicates two views, one, that shown in the Annotation, p. 1009, as the most generally accepted:

"The courts disclose a tendency to construe the word 'sale,' as it is used in the Uniform Narcotic Drug Act, in a broad sense, giving it a meaning much wider than it is normally given in the context of commercial law. The cases usually find that a challenged transaction constituted a 'sale,' without regard to questions as to the passing of title, the existence of a consideration, or the status as 'agent,' 'purchaser,' or 'seller' of one indicted under the act."

Supporting this view are People v. Aldridge, 19 Ill.2d 176, 166 N.E.2d 563, 565, certiorari denied 364 U.S. 873, 81 S.Ct. 117, 5 L.Ed.2d 95; People v. Glass, 16 Ill. 2d 595, 158 N.E.2d 639, 640, certiorari denied 361 U.S. 937, 80 S.Ct. 379, 4 L.Ed.2d 357; People v. Shannon, 15 Ill.2d 494, 155 N.E.2d 578, 580; People v. Robinson, 14 Ill.2d 325, 153 N.E.2d 65, 69; State v. Weissman, 73 N.J.Super. 274, 179 A.2d 748, 753, 93 A.L.R.2d 1001; State v. Dwyer, N.D., 172 N.W.2d 591, 595; People v. Grijalva, 48 Cal.App.2d 690, 121 P.2d 32, 34; People v. Jones, 176 Cal.App.2d 743, 1 Cal.Rptr. 637, 639–640.

The second view, that advanced by defendant here, is illustrated by Commonwealth v. Harvard, Mass., 253 N.E.2d 346, 349, where the court indicated its agreement with New York that one who acts solely " 'as the agent of the buyer cannot be convicted of the crime of selling narcotics,' " and rejected the more widely accepted reasoning, saying:

"Our attention has been directed to decisions of the Supreme Court of Illinois interpreting a somewhat similar statute that would hold that the defendant's conduct here constituted a sale. * * * The theory of these cases is that 'agent' as used in the definition of sale includes any agent or go-between, whether for the buyer or seller, who participates in or facilitates an illegal drug transaction. * * * we are not disposed to follow * * *."

Although, as shown in Annotation, 93 A. L.R.2d 1008, 1011, Texas has held that if an accused "acts only as agent of the prosecutor he is not guilty of making a sale" analysis of the opinions emanating from that jurisdiction fairly shows the question of an accused's having acted upon the request of a purchaser and solely as the purchaser's agent is usually one of fact for the jury and not ordinarily a matter of law.

We agree with the interpretations placed by the courts of Illinois and New Jersey as to the definition of sale in § 35–349(10) and hold there was no error in the court's overruling the motions to dismiss and for a directed verdict based on the thesis that defendant was an agent of the police or buyer rather than a seller.

## Entrapment

Defendant maintains that where entrapment is established as a matter of law at the preliminary hearing the indictment against the accused should be dismissed, saying that the State here "provided the defense of entrapment, as a matter of law," and accordingly, the failure to grant his pretrial motion to dismiss was reversible error.[6] We find no merit in that position of defendant.

Entrapment does not arise where one is ready to commit the offense, given but the opportunity, and suspected persons can be tested by being offered an opportunity to transgress the law although they may not be put under any extraordinary temptation or inducement. State v. Perkins, 19 Utah 2d 421, 432 P.2d 50, 51–52; State v. Akin, 75 N.M. 308, 404 P.2d 134, 136–137; State v. Hernandez, 96 Ariz. 28, 391 P.2d 586, 588; Ryles v. United States, 10 Cir., 183 F.2d 944, 945; Annotation, 33 A.L.R.2d 883, 886. By direct and cross-examination of the prosecution's witnesses at the preliminary examination, it was made clear that in the instant situation the most that occurred was that the defendant was offered an opportunity to transgress the Act.

Affirmed.

---

6. Preliminary hearing was conducted April 1, 1970, and the justice of the peace found there was probable cause to believe the crimes alleged in the complaint had been committed and that defendant had committed them. On April 20, 1970, defendant moved for dismissal on the ground of entrapment. Hearing thereon was held and the motion denied by the court April 28. Trial commenced May 5, 1970; the previous day defendant had filed a waiver and withdrawal of the defense of entrapment.