490 P.2d 890

The STATE of Utah, Plaintiff and Respondent,

v.

John Edward COWAN, Defendant and Appellant.

No. 12373.

Supreme Court of Utah.

Nov. 16, 1971.

James A. McIntyre, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Frank V. Nelson, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice.

Defendant, John Edward Cowan, was convicted by a jury of selling marijuana, a narcotic drug, which is punishable by a prison term of five years to life.[1] He appeals contending: (1) there was insufficient evidence to support the verdict; (2) the court erred in failing to give an instruction on entrapment; (3) the sentence imposed was improper

---

1. Sec. 58–13a–44(4), U.C.A.1953, provides, in pertinent part: "Every person who * * * sells * * * any marijuana shall be punished by imprisonment in the state prison from five years to life * * *."

On February 15, 1970, defendant Cowan, in company with Lynn Livingston, whom Cowan knew to be a police informant interested in drugs, went to the Maltair Bowling Lanes in Salt Lake City. There they happened to meet Ron Bridgeforth, a school acquaintance of the defendant. Livingston told Cowan that the police had a "buy" of marijuana against Bridgeforth. The next day Cowan contacted Bridgeforth and told him that Livingston was a police informant. In other conversations with the defendant, Bridgeforth became aware that the defendant was selling marijuana. Unknown to the defendant, however, Bridgeforth was also an informant, for the Federal Bureau of Narcotic Drugs. Pursuant to the foregoing information, and at the direction of his superiors, Bridgeforth tried to make a substantial purchase of marijuana from defendant Cowan. After several attempts, a deal was arrived at for Cowan to sell him $500 worth. In accordance with a previously arranged time and place of meeting, Bridgeforth and a police officer, Charles Kramer, made the purchase upon which this conviction is based. At that time Cowan stated to them details as to how he could be contacted for future purchases. The substance in the packages was analyzed by Mr. Buddy R. Goldston, a qualified chemist, who testified at the trial that each container contained marijuana, a narcotic drug.

## INSUFFICIENCY OF EVIDENCE

 The argument made by defendant concerning the insufficiency of the evidence to support the verdict relates to the identification of the substance sold by him as marijuana. It is pointed out that Sec. 58–13a–1(14), U.C.A.1953, states:

"Cannabis" or "marijuana" includes all parts of the plant Cannabis Sativa L., * * * [enumerates the parts thereof] * * *; and every compound [enumerates compounds, etc.] * * *; but *shall not include the mature stalk of such plant, fiber produced from such stalks,* oil or cake made from the seeds of such plant * * * [or any compound made from such excepted parts] * * *. (Emphasis added.)

The contention made is that the State's evidence did not definitively exclude the possibility that the packages in question did not contain the parts of the Cannabis plant excepted by the statute. The ingenuity of the point raised is appreciated. However, it cannot here avail to defeat the conviction. If it had been desired to explore that possibility on behalf of the defendant, it should have been done at the trial. The testimony of the chemist, Mr. Goldston, that all of the packages contained marijuana, stands neither controverted nor discredited by cross-examination. This could and should have been done at the trial if at all. The

point now asserted was first raised on the motion for a new trial under the guise of "newly discovered evidence." It of course was not newly discovered evidence, but apparently was a new idea as to the law. In any event it was something which the defendant, by the exercise of reasonable diligence, could have discovered just as readily before trial as afterwards.[2] Moreover, the granting or denial of a new trial upon such a basis is largely within the discretion of the trial court, which will not be disturbed unless it appears that an injustice was done and he abused his discretion in not rectifying it.[3]

## ENTRAPMENT

The defendant is likewise somewhat remiss and tardy on his complaint concerning failure to instruct on entrapment. The record is devoid of any indication that he submitted to the court a request for such an instruction, as is required.[4] By agreement of the court and counsel exceptions to the instructions were taken after the jury had been instructed and had retired to deliberate, a rather common practice which seems to us ill advised because it gives the court and opposing counsel no opportunity to correct errors or omissions which may be pointed out. Nevertheless, in this instance the defendant had failed to submit a prior request, and that being so, the trial court was justified in not including that subject in the instructions.

That no injustice results from that conclusion is supported by reflecting upon the evidence here as applies to the defense of entrapment. It will be seen therefrom that defendant Cowan appeared to be willing enough to sell marijuana when he thought it safe to do so. This is emphasized by his offering to make further sales and giving detailed instructions as to how that could be accomplished. Entrapment which will protect one from the conviction of crime exists when an innocent person who would not otherwise be engaging in criminal conduct is persuaded to do so by some inducement or enticement of a police officer which was the generating cause that produced the crime and without which it would not have been commited.[5] Under

---

2. Sec. 78–38–3. The court may grant a new trial in the following cases only: * * * (7) When new evidence has been discovered, material to the defendant and *which he could not with reasonable diligence* have discovered and produced at the trial.

3. State v. Rivenburgh, 11 Utah 2d 95, 355 P.2d 689, cert. denied, 368 U.S. 922, 82 S.Ct. 246, 7 L.Ed.2d 137; State v. Penderville, 2 Utah 2d 281, 272 P.2d 195.

4. Rule 51, U.R.C.P. (applicable in criminal proceedings unless otherwise provided) requires that absent a contrary stipulation by the parties, all instructions given a jury must be in writing, and that objections to such written instructions must be made before the instructions are given to the jury.

5. In State v. Perkins, 19 Utah 2d 421, 432 P.2d 50 (1967), we said: The amount of persuasion should not be of

the circumstances shown here we are not persuaded that there was any such error or impropriety in not giving an instruction on entrapment as to warrant a reversal of the conviction.

## THE SENTENCE

 The defendant was sentenced to be: * * * imprisoned in the Utah State Prison for an indeterminate term as provided by law for the crime of selling a narcotic drug, as charged

His contention is that this does not conform to Sec. 77–35–20, U.C.A.1953, which provides:

* * * the court shall not fix a definite term of imprisonment; but the sentence * * * shall be for a period of time not less than the minimum and not to exceed the maximum term provided by law for the particular crime * * *.

Sec. 58–13a–44(4) makes it a crime to sell such a narcotic drug and provides that the punishment shall be "* * * imprisonment in the state prison from five years to life * * *." We have no particular commendation for the form in which the sentence in this case was imposed. Neverthe-

importance when it is used upon one who is in readiness to commit the crime in question. That persuasion which induces the criminally inclined to lose his wariness is not entrapment at all, but that

less, it is ascertainable by reference to the statute and is therefore a lawful sentence.

Affirmed.

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

persuasion which overcomes the natural reluctance on the part of an innocent person to commit a crime which he otherwise is not predisposed to do is entrapment.