BERANEK, Judge.
Defendant appeals his conviction and sentence on a charge of possession of a controlled substance (heroin) with intent to sell or deliver. F.S. § 893.13(l)(a)(l). Defendant was initially charged in a two-count information with Count I, sale of heroin, and Count II, possession of heroin with intent to sell or deliver. The jury found him guilty of Count II and not guilty of Count I.
The evidence was that the police contacted a girl friend of the defendant who was herself in jail on a heroin charge. They enlisted the aid of this “confidential informant” to “make a case” against the defendant. There is no evidence in the case as to the defendant’s reputation for prior drug dealings. In any event the police in some fashion secured the release from prison of the girl friend in exchange for her assistance as a confidential informant against the defendant.
Immediately upon her release the girl friend contacted the defendant and sought to obtain heroin from him. On three consecutive days she contacted him with her request for heroin. The defendant knew that the confidential informant was a heroin addict. On each of these three occasions the confidential informant was unsuccessful in getting any heroin from the defendant. On the fourth day it happened to be the birthday of the confidential informant. She again contacted defendant over the telephone and arranged to come over to a home not owned by the defendant and visit with him. On her birthday she went to the house with the defendant. The defendant had arranged a small party for the two of them. He provided a present, a birthday card, flowers, a cake and a bottle of champagne. The two began celebrating the birthday and after about an hour when the defendant was in the “right mood” the girl friend again began asking for heroin as a birthday present. He left the room and went to another part of the house. He returned with a small amount of heroin in a film can. The two of them, defendant and the C.I./ girl friend divided the heroin into small tinfoil packages and at this point defendant delivered the heroin to the girl friend.
There was no other evidence in the case other than from the police officers and the police chemist who testified about the rela *1191 tionship between the police and the confidential informant and about the identity of the heroin.
At this point the State rested and the defendant elected not to take the stand or present any evidence. The defendant, at a charge conference, requested that the Court charge the jury on the theory of entrapment. This request was denied and the case was submitted to the jury. The jury found the defendant guilty of possession of heroin with intent to deliver.
On appeal defendant raises numerous points. We reverse on the absence of an entrapment instruction. The facts outlined above, even though they were presented on cross-examination in the State’s case, constitute adequate evidence of entrapment to present this issue as one for jury consideration. There was arguable undue persuasion and coercion or unusual enticement by the confidential informant who was working directly for the police. See Story v. State, 355 So.2d 1213 (Fla. 4th DCA 1978). Indeed, the evidence here seems substantially stronger than in other cases where entrapment was held to be an issue. See Kwasniewski v. State, 303 So.2d 373 (Fla. 1st DCA 1974), and Stiglitz v. State, 270 So.2d 410 (Fla. 4th DCA 1972). We foresee problems in this and other future cases when the defendant relies solely on cross-examination of State witnesses to support a defense of entrapment. Here defendant filed nothing before trial giving notice of his intent to rely on entrapment. Defense counsel waived opening statement and defendant did not take the stand and offered no evidence. It was thus not until the charge conference that the State knew defendant was relying on entrapment. When faced with an entrapment defense, the State may introduce rebuttal evidence of a defendant’s predisposition to commit the crime by showing, among other things, proof of prior criminal activities, or a reputation for such activities. Story v. State, 355 So.2d 1213 (Fla. 4th DCA 1978); Moody v. State, 359 So.2d 557 (Fla. 4th DCA 1978). Here the State never had the opportunity to present this evidence because defendant’s reliance on entrapment was unknown until the charge conference. Under these circumstances, the State should be given an opportunity to reopen the proof to meet the entrapment issue. Various states have allowed the presentation of such anticipatory rebuttal evidence of other crimes as part of the prosecution’s case in chief when it appears from defendant’s cross-examination or otherwise that defendant will rely upon entrapment. People v. Mann, 31 N.Y.2d 253, 366 N.Y.S.2d 633, 288 N.E.2d 595 (1972); State v. Perkins, 19 Utah 2d 421, 432 P.2d 50 (1967); State v. Frates, 160 Mont. 431, 503 P.2d 47 (1972). The defendant, of course, must control his own defense and may at any time inform the court of his binding election not to rely upon entrapment making evidence of predisposition and other similar crimes generally inadmissible.
It is our conclusion that entrapment was a proper jury issue here and the Court erred in failing to instruct thereon. We have considered all of the other points raised by appellant and find same to be without merit. The judgment and conviction below'is reversed and the matter remanded for a new trial on the merits.
REVERSED AND REMANDED.
MOORE, J., and FARRINGTON, OTIS, Associate Judge, concur.