■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICK BURKE, Appellant.— REYNOLDS, J. Appeal from a judgment of conviction of the Ulster County Court of feloniously possessing narcotics (Penal Law, § 1751, subd. [3]) and unlawfully possessing narcotics (Penal Law, § 1751-a). On December 27, 1962 State Police officers acting on the basis of information supplied by an informant about a contemplated narcotics sale observed appellant and his codefendant conversing with a known narcotics user at a bus depot in Kingston. Thereafter the three men left the depot and drove away in a car operated by the codefendant. With the police officers following, the car proceeded over a short, circuitous route back to the bus depot. When the car stopped, the narcotics user alighted; whereupon one of the police officers approached the car, noting as he did so certain packages on the front seat, opened the door and informed appellant and his codefendant that they were under arrest. A struggle ensued in which the appellant with the help of his codefendant succeeded in throwing the packages out of the car. After a brief chase appellant was apprehended and the packages, plus a glove, were retrieved within several feet of the car. The packages and glove were subsequently found to contain a supply of narcotics. Appellant first urges that the jury's verdict is against the weight of the evidence in that the police officers' testimony was "confusing and conflicting" and that there was not a sufficient foundation laid for admission of the packages and glove containing the narcotics into evidence. We find, however, that the officers' testimony as to what occurred when they tried to apprehend appellant supplies a sufficient link between these articles and the car in which the appellant was a passenger to justify their introduction into evidence and that any inconsistencies in the officers' testimony, which were only as to the kind of packaging and the manner in which the packages were ejected from the car, were not sufficient to warrant upsetting the jury's verdict. Nor do we have any difficulty finding that possession on the part of the appellant was established (*People* v. *Jordan,* 22 A D 2d 81, affd. 16 N Y 2d 755). In fact the present case is even stronger than *Jordan* in that one of the officers testified that he saw the appellant not only actually touch the packages containing the narcotics but also attempt to throw or push them from the car. Appellant also urges that the trial court should have granted his motion to suppress the narcotic as evidence on the grounds that it was the fruit of an unlawful search and seizure. Beyond the fact that the officers merely retrieved the items from the pavement after they had been thrown or pushed from the car and thus posession was obtained without a search (*People* v. *Lopez,* 22 A D 2d 813), if there were, in fact, a search, we find that in view of the informant's tip plus the subsequent independent corroboration based on the meeting with the known addict, the circuitous car trip and the observation of packaging similar to the type normally used to sell narcotics, such a search was incidental to a lawful arrest based on probable cause (*People* v. *Santiago,* 13 N Y 2d 326; *People* v. *Coffey,* 12 N Y 2d 443). We find that the motions with respect to the Grand Jury minutes and proceedings, so far as they are properly before us, were correctly disposed of (*People* v. *Harrell,* 282 App. Div. 1051; and see, as to right to review, *People* v. *Howell,* 3 N Y 2d 672, 675, 676–677). Judgment affirmed. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.