■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELIJAH LAWSON, Appellant.— Judgment of the County Court, Nassau County, rendered September 11, 1969 on resentence, affirmed. No opinion. Appeal from judgment of the same court, rendered August 30, 1968, dismissed as academic. That judgment was superseded by the judgment of September 11, 1969. Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES LIGHTBOURNE and EDWARD LEON SHEPPARD, Appellants.— Appeal by defendants from two judgments of the Supreme Court, Queens County, rendered December 8, 1966 as to defendant Lightbourne and December 16, 1966 as to defendant Sheppard, convicting them of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgments reversed, on the law and the facts, and indictment dismissed. In our opinion, the evidence was insufficient to warrant a finding of guilt beyond a reasonable doubt that the entry into the apartment was made with intent to commit a crime (cf. *People* v. *Cleague,* 22 N Y 2d 363, 366; *People* v. *Taddio,* 292 N. Y. 488, 489; *People* v. *Orr,* 270 N. Y. 193, 196; *People* v. *Seaman,* 21 A D 2d 907). If we were not dismissing the indictment, a new trial would be required because of improper references in the prosecutor's summation to defendants' failure to testify (cf. *People* v. *Mirenda,* 23 N Y 2d 439, 457; *People* v. *Christman,* 23 N Y 2d 429, 433; *People* v. *Gould,* 25 A D 2d 160, 162). Christ, P. J., Rabin, Benjamin and Kleinfeld, JJ., concur; Martuscello, J., dissents and votes to affirm the judgments.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE A. COLON, Appellant, v. JOHN T. DEEGAN, as Warden of Sing Sing Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Westchester County, entered May 3, 1968, which dismissed the writ. Judgment affirmed, without costs. We affirm the dismissal of the writ on the ground that no reason of practicality or necessity was asserted to justify review of the matters raised by habeas corpus while relator's appeal from the judgment of conviction was pending and where *coram nobis* is the proper and more effective remedy for raising issues not appearing on the record (*People ex rel. Keitt* v. *McMann,* 18 N Y 2d 257, 262). Relator's first contention is that the pretrial identification procedure utilized was so unfair as to constitute a denial of due process. This contention has been raised on his pending appeal from the judgment of conviction. His second contention is that his counsel failed to call alibi witnesses whose testimony would have resulted in a different verdict. Treating this contention as an application for a new trial under subdivision 7 of section 465 of the Code of Criminal Procedure, as does relator, we hold that section 463 of the code requires that such application must be made to the trial court. In the alternative, treating relator's contention as one alleging such incompetence of counsel as to constitute the denial of the right to counsel, we hold that his remedy is by way of *coram nobis* relief (see *Matter of Hogan* v. *Culkin,* 18 N Y 2d 330, 332, n. 1). Hopkins, Acting P. J., Munder, Kleinfeld, Brennan and Benjamin, JJ., concur.