■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BOBBY THOMAS, Appellant.— Appeal from a judgment of the Albany County Court, rendered November 9, 1972, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a dangerous drug in the fifth degree. Defendant pled guilty to a reduced charge of criminal possession of a dangerous drug in the fifth degree in violation of section 220.10 of the Penal Law. He was sentenced to an indeterminate term not to exceed four years. Defendant raises two issues on this appeal. First, that the testimony produced at the suppression hearing failed to establish either actual or constructive possession of a dangerous drug, and second, that the sentence was unduly harsh. The record reveals that defendant occupied an apartment on the tenth floor of a hotel; that the People had obtained a search warrant to search, among other places, that apartment; that one of the officers assigned to the

case observed defendant get out of an elevator on the tenth floor and place a brown paper bag into the base of a floor-type ashtray. This bag was later removed by the officer and found, on examination, to contain heroin. There was also testimony that a search of defendant's apartment produced certain "drug paraphenalia". Defendant contends, among other things, that the proof establishes that there were times when there was no one watching the ashtray and this constitutes a fatal defect in the proof. An examination of the record in its entirety clearly supports a conclusion that defendant exercised sufficient control over the heroin to constitute constructive possession (*People* v. *Diaz*, 41 A D 2d 382). Consequently, we agree with the conclusion of the trial court. While the sentence was the maximum allowed, it was within the statutory limits. The court had the benefit of a sentencing memorandum submitted on behalf of the defendant. The sentence was within the sound discretion of the court, and we do not find it excessive. Judgment affirmed. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.