■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH

Paranzino, Appellant. The People of the State of New York, Respondent, v Joseph Russo, Appellant.—Judgment of conviction after jury trial, Supreme Court, Bronx County, rendered November 2, 1973, affirmed. We are unanimous as to defendant-appellant Russo, but divided as to defendant-appellant Paranzino. Even as to him, there are only two aspects of the case worthy of comment, and as to one of these, our dissenter makes none: the alleged refusal of the trial court to permit evidence of bias on the part of the police against defendants. There was no such refusal. Counsel was advised by the court that, before ruling on admissibility, he would first hear the proffered testimony out of the jury's presence and rule—a perfectly proper precaution. Counsel did not accede to the offer. Our dissenter concentrates on the evidence of possession of gambling records by Paranzino. This factor of the case, interestingly enough, was never alluded to either at the trial or in the briefs. The unrefuted pertinent evidence was that, pursuant to a search warrant, police entered the room wherein were found the two defendants and others; that, as they entered, Russo was in the act of handing an envelope, later found to contain the contraband, to Paranzino; that, as he saw the officers, Russo snatched back the envelope and dropped it to the floor. That is the People's case on direct evidence of possession. The case was one of actual, not constructive, possession. No person other than one of the defendants was seen to touch the envelope. All the surrounding circumstances provide the basis for the jury, as they had a right and duty to do, absent any evidence to the contrary or evidence affecting credibility of the witnesses, to arrive at a finding that this was knowing possession of contraband. In this respect, the evidence was no stronger against one defendant than the other. All the arguments made about the key on Russo's person, and control, are completely irrelevant for, to repeat, the case is one of actual, as opposed to constructive possession, such as, for instance, the finding of contraband in nobody's actual possession but in a room to which a defendant has a key. The possession proven here falls within the definition contained in subdivision 8 of section 10.00 of the Penal Law: " 'Possess' means to have physical possession or otherwise to exercise dominion or control over tangible property." "The crime of possessing [any contraband] requires a physical or constructive possession with actual knowledge of the nature of the possessed substance [citations] Knowledge, of course, may be shown circumstantially by conduct or directly by admission, or indirectly by contradictory statements from which guilt may be inferred [citations] Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, *if it is in his hands,* on his person, in his vehicle, or on his premises [citations] This, of course, is an elemental inference based on common experience and all but universal probabilities. Thus it is an ancient rule of inference or rebuttable presumption of fact that the recent and exclusive possession of the fruits of any crime warrants the inference of guilt, including, when material, knowledgeable possession. [citations] In the case of contraband its possession is a crime per se, and hence the inference of guilt, that is, knowledgeable possession, is as strong as is the case, for instance, with stolen goods. [citations]." *(People v Reisman,* 29 NY2d 278, 285–286; emphasis supplied.) Concur—Markewich, J. P., Murphy, Tilzer and Lynch, JJ.; Capozzoli, J., dissents in the following memorandum: I dissent as to the defendant, Joseph Paranzino, and vote to reverse the judgment, on the law and the facts, and to dismiss the indictment. The proof adduced at the trial, in my judgment, was insufficient to show the guilt of the accused beyond a reasonable doubt that he possessed or received the gambling

records. While the key to the apartment was found on the person of the codefendant, Joseph Russo, there is nothing in the record to indicate that Paranzino exercised any dominion over the apartment or the contents thereof. It should also be noted that the envelope momentarily thrust into Paranzino's hand and almost simultaneously snatched back by Russo and dropped to the floor was not open and the contents thereof were not visible. In addition, it should be noted that, when the police went into the apartment, one or two women were in there and allowed to leave by the police. The entire proof in the case is insufficient to show such control on the part of Paranzino over the records as he could be deemed to be in constructive possession of same. The circumstantial proof adduced in this case concerning the receipt or possession of the gambling records by this defendant is arrived at solely from the circumstantial evidence of possession. Since such evidence is just as susceptible of a conclusion of innocence as a conclusion of guilt, there is insufficient evidence to sustain this conviction. *(People v Lunsford,* 46 AD2d 612; *People v Jefferson,* 43 AD2d 112.)