■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD L. CARR, Appellant.—Appeal from a judgment of the County Court, Otsego County, rendered November 4, 1974, upon a verdict convicting the defendant of the crime of criminal sale of a controlled substance in the fifth degree. We find no reversible error present in the instant record and the judgment should, therefore, be affirmed. There is no merit in the contention that the trial court should have granted defendant's request to a charge of possession seventh degree as a lesser included offense pursuant to CPL 300.50 (subds 1, 2). Under these subdivisions the trial court *must,* in addition to submitting the offense charged, submit in the alternative, any lesser included offense if, but only if, there is a "reasonable view of the evidence" that would support a finding that the accused committed the lesser crime but did not commit the greater. The section, moreover, goes on to hold that "If there is no reasonable view of the evidence which would support such a finding, the court *may not* submit such lesser offense." (Emphasis supplied.) An examination of the record clearly reveals that the charge of sale was unquestionably established and there is not present a serious question that defendant could have been guilty of possession (the lesser crime) and not the sale (the greater crime). In short, there is no "reasonable view" of the evidence in the record that would support a verdict of guilty of possession but not of sale. From the testimony and proof elicited defendant could not under any "reasonable view" thereof emerge merely as an agent of the buyer innocent of selling (see *People v Lindsey,* 16 AD2d 805, affd 12 NY2d 958; *People v Branch,* 13 AD2d 714), but guilty of possession. The evidence adduced at the trial in the instant case on the other hand tends inexorably to establish the involvement of the defendant in a drug-selling enterprise of relatively extensive proportions. Most damaging of all are the defendant's own words elicited on cross-examination. "Q. Is Rudy Allen what you call a supplier? A. He usually has quantities, yes. * * * Q. He has all this stuff, this Rudy Allen? A. Yes. Q. And you had to go and check with him before you did any selling to Randolph Haus, right? A. Not before—I had to find out from him whether he wanted me to bring the guy up to him or he wanted me to be there personally. Q. What did he say about that? A. He didn't know Randy Haus so he preferred I go up there. * * * Q. So you have gone to Rudy and you have picked up controlled substances for most of the kids in Oneonta, is that right? A. Right. Q. And you got the money from the kids in Oneonta and you gave it to Rudy, is that right? A. Right. Q. Does Rudy have other people like you doing this? A. Yes. Q. Now going back, you said you were getting these narcotics from Rudy for an awful lot of kids in Oneonta? A. College students, yes." It is clear that if Carr was the agent of anyone, he was an agent of the seller and, therefore, equally guilty of selling controlled substances within the meaning of section 220.00 of the Penal Law. Judgment affirmed. Herlihy,

P. J., Main, Larkin and Reynolds, JJ., concur; Greenblott, J., dissents and votes to reverse in the following memorandum. Greenblott, J. (dissenting). I dissent for I disagree with the majority's conclusion that there was no reasonable view of the evidence upon which the jury could have found that defendant was an agent for the buyer-informant. While the testimony quoted by the majority could be interpreted to lead to the conclusion that defendant was a seller, the testimony that defendant had "picked up controlled substances for most of the kids in Oneonta" is equally amenable to an interpretation that defendant was in the frequent habit of holding himself out as an agent for those wishing to purchase marijuana. In any event, the jury need not have given consideration to defendant's activities on other occasions in view of the testimony by the informant, Haus, as follows: "Q. [Defendant] was going to a supplier of drugs in Hayes Hall. That was your understanding, wasn't it? A. Yes. Q. To get the drugs *you had asked him to purchase?* A. Yes. Q. And you say in addition to purchasing drugs, you say he purchased some for himself? A. Yes. Q. As far as the drug that he purchased for you, that was at your request, right? A. Yes." (Emphasis supplied.) Therefore, had the jury chosen to reject evidence as to defendant's activities on other occasions as indicative of his status during the incident in question, which it had the power to do, and accepted so much of the testimony as supported the conclusion that on this particular occasion defendant was in fact an agent for the buyer (which includes testimony that defendant made no profit on this transaction), there clearly was a reasonable view of the evidence upon which defendant might have been found not guilty of the greater crime of selling the controlled substance but guilty of the lesser crime of possession. This conclusion is particularly borne out by the fact that the Trial Judge charged the jury that "in New York State a person can not be convicted for the offense of criminally selling a dangerous drug or a dangerous substance * * * when he is acting solely as an agent of the buyer". Since the right to a charge of a lesser included crime is a substantial one of which a defendant can be deprived only where the evidence is such as to compel such a result (see *People v Stanfield*, 36 NY2d 467), I must conclude that the refusal to charge as requested constituted reversible error entitling the defendant to a new trial.