■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MARTIN, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 23, 1975, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree, a class C felony, and sentencing him to a term of two and one half to five years. At about 2:30 A.M. on March 4, 1975 Albany Police Officer Sutton of the Narcotics Enforcement Unit, together with Officer Albert, was on normal patrol in an unmarked vehicle when they pulled up and stopped behind a Trailways bus as it stopped at the Albany terminal to disembark passengers coming from New York City. Officer Sutton left the police car and walked westerly to a point opposite and 20 feet from the door of the bus which was facing westerly. In that position he saw the defendant, whom he knew, step down from the bus, look at Sutton, make a fist with his left hand and simultaneously "flip" or "throw" a crumpled red cigarette package to the ground. Officer Sutton yelled to his partner, now standing at the right rear of the bus, "Here's Lover", and then walked a distance of four to five feet and picked up the crumpled cigarette package which contained three glassine packets of a white substance, thereafter determined to be heroin. Thereupon, Sutton yelled to his partner, "He's under arrest, put the handcuffs on him." The defendant was arrested, arraigned, tried and convicted of criminal possession of a controlled substance in the fifth degree, a class C felony. The most significant issue raised on this appeal is defendant's contention that Officer Sutton lacked probable cause to arrest him without a warrant (CPL 140.10, subd 1, par [b]). Probable cause exists if the facts and circumstances known to the arresting officer would cause a reasonable and prudent man to believe a crime has been committed. Knowledge of the facts must repose in the officer's mind and form a rational basis for a belief that a crime has been committed and such facts must be known before the arrest. The People do not contend that Officer Sutton arrested the defendant because he recognized him as he alighted from the bus and knew he had a prior narcotics conviction. Nor do they seriously contend that the arrest was made after recognition, the making of the fist and the "flipping" or "throwing" of the cigarette package to the ground. It must be conceded that Officer Sutton was an experienced narcotics police officer (People v Valentine, 17 NY2d 128) who, before arresting defendant, knew that he had a prior narcotics conviction, knew that the defendant had recognized him, saw the defendant make a fist and hastily discard a cigarette package which, upon examination by Sutton, was found to contain three translucent glassine envelopes which, to him, were a "telltale sign of heroin" (People v Corrado, 22 NY2d 308, 313). These facts, operating on the mind of a police officer experienced in the patterns of criminal behavior, particularly in the area of narcotics, would rationally lead that officer to deduce that a crime was being committed in his presence. If Officer Sutton had arrested the defendant before he extracted the three glassine bags from the cigarette package, he would have been acting on speculation and suspicion (People v Brown, 24 NY2d 421) and the warrantless arrest would have been without probable cause. Defendant's reliance on People v Russell (34 NY2d 261) to support his contention that the facts present herein are insufficient to support a finding of probable cause is misplaced. In Russell (supra), an arrest was made by the

police after they observed the defendant standing at the driver's side of another's automobile talking with two occupants. The defendant's hands were empty at all times. Following the departure of the car a manila envelope was found in the area under where the car had been parked. It contained heroin. The defendant was arrested. The Court of Appeals, *inter alia,* vacated the order affirming the conviction on the ground that the arrest was made without probable cause. Herein, the facts are different. The defendant had the cigarette package in his possession. He was seen to discard it by the arresting officer. It was examined before the arrest and found to contain glassine envelopes of heroin. These additional facts, the possession of the package containing heroin and this fact being known before arrest, are, in our view, sufficient to characterize defendant's behavior as something more than "equivocal and suspicious" *(People v Brown, supra)* and enough to raise "the level of inference from suspicion to probable cause". (Cf. *People v Cohen,* 23 NY2d 674; *People v Smith,* 21 NY2d 698; *People v White,* 16 NY2d 270.) The defendant's second contention on appeal is that he did not possess the contraband within the meaning of section 220.09 of the Penal Law. This contention is rejected. Officer Sutton testified that he saw the defendant throw the cigarette package to the ground. In *People v Reisman* (29 NY2d 278), the Court of Appeals stated that when a substance or object is seen in the hands of a defendant it "is an elemental inference based on common experience" that the possessor knows what he possesses. (Cf. *People v Burke,* 25 AD2d 691.) Defendant's last contention that he was denied a fair trial through inadequate representation of assigned counsel is meritless (cf. *People v Droz,* 39 NY2d 457). The defendant did not make any record below, other than requesting and being granted the right to make his own opening to the jury and conduct his own examination of witnesses, that would permit this court to review the adequacy of defendant's representation. He consulted with counsel during the trial and even requested that his lawyer be permitted to make the final argument to the jury, which request was granted. The defendant made no motion for an adjournment in order to obtain other counsel and, in fact, in no way prior to this appeal made known any dissatisfaction with his assigned counsel. Further, in the absence of a record concerning adequacy of representation, such an issue cannot be reviewed in the appellate courts *(People v Brown,* 28 NY2d 282) and is more properly raised in a proceeding pursuant to CPL 440.00 *(People ex rel. Colon v Deegan,* 34 AD2d 799). Judgment affirmed. Koreman, P. J., Kane, Mahoney, Larkin and Reynolds, JJ., concur.