OPINION OF THE COURT
Cooke, J.
We reiterate here that which has been stated before, although not without some controversy, and that which should be readily apparent from legal as well as logical analyses— that the existence of an agency relationship furnishes no defense upon a charge for the mere criminal possession. of a controlled substance, knowingly and unlawfully possessed.[1]
This proposition obtains regardless of whether the charged possession involves a minimum separate quantity or aggregate amount of such a substance or substances (see *59 Penal Law, §§ 220.03, 220.06, subds 2, 3; §§ 220.09, 220.16, subds 8, 9, 10, 11; §§ 220.18, 220.21), and even where the accusation of possession of certain specific controlled substances is predicated also on a previous conviction for possession of one or more of those named substances (see Penal Law, § 220.12). It would not apply, however, where the possession charged also encompasses another element, such as an intent to sell (see Penal Law, § 220.06, subd 1; § 220.16, subds 1-7).
Defendant Hilda Sierra was indicted in New York County on December 6, 1973, charged with criminal sale of a controlled substance in the second degree (Penal Law, § 220.41), criminal possession of controlled substance in the third degree (Penal Law, § 220.16), and criminal possession of a controlled substance in the fifth degree (Penal Law, § 220.09), all allegedly committed on October 18, 1973.[2] During the evening of the day in question, defendant was a barmaid at a dimly lit bar and grill known as "Angel’s Place”, located in the lower east side of Manhattan. There was proof that on that occasion, at the request of undercover Police Officer Guerzon for some cocaine and upon delivery of $195 to defendant, she left the bar and upon return handed him a clear plastic bag containing white powder, later analyzed as weighing in excess of one eighth of an ounce and containing cocaine. The officer also related that he first handed her $175, the cost of the "coke”, that defendant asked, "Well, I am doing you a favor, now what do I get for doing you a favor?”, whereupon he gave her the additional $20.
The trial court submitted to the jury for its consideration the first and third counts, thus omitting the one charging a violation of section 220.16. Agency defense instructions were given in respect to the first count, the sale count but defendant’s request for a similar charge as to the possessory count was denied. Instead, the jury was instructed that agency was not to be considered as a defense to the third count, to which an exception was taken. A partial verdict finding defendant guilty of the third count, criminal possession of a controlled substance in the fifth degree, was rendered and, the jury being unable to agree as to the sale count, a mistrial was declared with respect to it and that count was thereafter dismissed.
To sustain a conviction for the crime of possession of a *60 controlled substance, in its simplest form, the prosecution must prove beyond a reasonable doubt the presence of a controlled substance as statutorily defined, that it was physically or constructively possessed by the accused and that the possession was knowing and unlawful (Penal Law, § 10.00, subd 8; §§ 220.03, 220.00; CPL 300.10, subd 2). As indicated, other offenses of mere possession include the further components of required quantities of certain specific controlled substances, and one felony contains the predicate of a prior conviction. Obviously, the common denominator of these possessory offenses is possession, defined by statute as "physical possession or otherwise to exercise dominion or control over tangible property” and judicially interpreted as encompassing the doctrine of constructive possession, as well as physical possession (Penal Law, § 10.00, subd 8; People v Diaz, 41 AD2d 382, 384, affd 34 NY2d 689; see Hechtman, Practice Commentary, McKinney’s Cons Laws of N Y, Book 39, p 21 [1977-1978 Cumulative Supp]). "Knowledge * * * may be shown circumstantially by conduct or directly by admission, or indirectly by contradictory statements from which guilt may be inferred * * * [and] [generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises” (People v Reisman, 29 NY2d 278, 285).
Defendant presses for reversal and a new trial, contending that the defense of agency, charged as to the sale count, was equally applicable to the possession count of which she was found guilty. In drug cases, this defense, undefined by statute, first received judicial recognition in the Federal courts in 1954 (United States v Sawyer, 210 F2d 169, 170) and made its first published appearance in the courts of this State the following year (People v Buster, 286 App Div 1141), in each instance in the context of a sale. Although articulated variously, a recent New York enunciation is that "one who acts on behalf of a purchaser of drugs cannot be convicted of criminal sale of a controlled substance, or of criminal possession thereof with intent to sell” (People v Perez, 60 AD2d 656; see, also, People v Argibay, 45 NY2d 45, 53-54 [decided herewith]; People v Lam Lek Chong, 45 NY2d 64, 73 [decided herewith]; People v Roche, 45 NY2d 78, 82 [decided herewith]; People v Johnston, 47 AD2d 897, 900; People v Lindsey, 16 AD2d 805, affd 12 NY2d 958; People v Branch, 13 AD2d *61 714). The underlying theorization is that a person, who acts solely on behalf of the recipient of the drugs in a transaction, performs as an extension of the recipient and cannot be guilty of a sale, since that person is merely transferring to the recipient that which the recipient already owns or that to which he is entitled, there being no sale, exchange, gift or disposal of the drugs to the recipient (see United States v Barcella, 432 F2d 570, 571; see, also, Penal Law, § 220.00, subd 1; People v Pasquarello, 282 App Div 405, affd 306 NY 759; Donnino and Girese, The Agency Defense in Drug Cases, NYLJ, April 27, 1978, p 1, col 2).
Conceptually, the theory does not fit within the ambit of mere possesssion, as distinguished from possession with intent to sell, since the former contains no element pertaining to or any exception in respect to an agent or person possessing on behalf of another. Significantly, crimes of possession of controlled substances do not depend upon notions of ownership or title (Penal Law, § 10.00, subd 8; United States v Sawyer, 294 F2d 24, 29). There is no requirement that the prosecution prove that an accused has title to the contraband since guilt may be established regardless of whether it belongs to someone else. Indeed, there is a marked distinction between possession and ownership, to the extent that one may possess a chattel or thing without being its owner and, conversely, may own something without possessing it (People v Matthews, 18 Ill 2d 164, 170). Parenthetically, although proof of title, interest or even equity in or claim to the controlled substance is not essential, testimony in that direction might be relevant to the subject of possession, particularly where it is constructive in nature (see Bernheim, Defense of Narcotic Cases [1977 rev], § 1.10; cf. Rawley v Brown, 71 NY 85, 89).
Defendant next advances the point that her contact with the cocaine was but transitory and passive and that her receipt of it from the seller, on Guerzon’s behalf, and her turning it over to him immediately did not transform her into a principal. Crimes of possession of a controlled substance include but make no allowance or exception for fleeting or momentary contact. This idea of "brief handling” as an exemption from or defense to prosecution, given proof of the necessary elements, has been rejected consistently (People v Martin, 52 AD2d 988, 989; People v Paranzino, 47 AD2d 878, affd 40 NY2d 1005; People v Thomas, 42 AD2d 1019; People v Burke, 25 AD2d 691; Bernheim, Defense of Narcotic Cases *62 [1977 rev], § 1.17, p 1-196). The instant defendant came into the physical possession of the cocaine, she had control over it so that she could have delivered it, discarded it, destroyed it or retained it, and she elected the first of these alternatives; pointedly, she never rejected it (see Commonwealth v Harvard, 356 Mass 452, 457-458).
 In the case of contraband such as a controlled substance, its possession is a crime per se and hence the conscious possession of it, if unexplained or falsely explained, permits the inference that the possession is unlawful and a guilty one (People v Reisman, 29 NY2d 278, 286, supra; People v Tirado, 47 AD2d 193, 194-195, affd 38 NY2d 955, 956; People v Berger, 260 App Div 687, 690, affd 285 NY 811). Defendant’s reliance on section 3305 of the Public Health Law is misplaced and her argument drawn therefrom, that her possession was lawful because she was the agent of a police officer entitled to possession, is untenable. This section provides that "temporary incidental possession by employees or agents of persons' lawfully entitled to possession, or by persons whose possession is for the purpose of aiding public officers in performing their official duties” is not prohibited criminal behavior (subd 1; see, also, § 3304). The obvious intent of the statute is to exempt from penal sanction those employees or agents of others whose possession is not proscribed such as, for example, pharmacists’ assistants or private citizens acting for and under direction of the police. The flaw in defendant’s argument is the obvious fact that she had no knowledge or information that Guerzon was a police officer and therefore could not consent to act as an agent or employee of such an officer (see Restatement, Agency 2d, § 1; see, also, Penal Law, § 20.05, subds 1, 2). Since she did not know of his status nor the nature of his activity, neither could her possession have been accomplished "for the purpose of aiding” a public officer in the performance of his official duties. Furthermore, the argument that decisional law recognizes the defense of agency as to mere possession suggests in effect that section 3305 (subd 1, par [c]) serves no purpose and that the Legislature performed a useless act in its passage. It is precisely because possession by an agent may be unlawful that it was necessary to enact the provision and provide protection to certain agents.
 The negation of an agency defense in mere possession cases is fotind in People v Sheldon K. (26 NY2d 949), where an adjudication of defendant as a youthful offender " 'on the basis *63 of possession of marijuana as a misdemeanor’ ” was affirmed, despite defendant’s argument that, in the absence of evidence that defendant possessed the marihuana for his own purposes without inducement by the police agent, the proof was insufficient as a matter of law. (See, also, People v Carr, 41 NY2d 847, revg on dissenting opn at 49 AD2d 656; Rosenblatt, New York’s New Drug Laws and Sentencing Statutes [1973], pp 232-233.) In short, the law’s disapproval of the defense in this variety of controlled substance cases has been in existence for a long time and, consistent with our analysis, should so remain.
The order of the Appellate Division should be affirmed.

.The issue as to whether agency constitutes a defense here is posed by the parties in their briefs in the context of-"simple possession”. While the expression has the virtue of simplicity and is thus tempting, we abstain from its use since it contains words of art by virtue of their employment in the statutes of one or more other jurisdictions but not in those of New York (see, e.g., US Code, tit 21, § 844; see, also, Bernheim, Defense of Narcotic Cases [1977 rev], § 1.06, p 1-170; Ballentine’s Law Dictionary [3d ed], p 1375 [words of art]; cf Kramer v United States, 408 F2d 837, 840; but see State v Davis, 68 NJ 69).

.The indictment also contained counts for the same three crimes allegedly committed on October 11, 1973, but the trial court inspected the Grand Jury minutes and dismissed those counts for insufficiency of evidence.