■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS A. RIVERA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 1, 1977, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The trial court erred in charging the jury that the defense of agency "absolves individuals from criminal responsibility for selling drugs when the sale comprises no more than an effort to accommodate a buyer *under circumstances utterly devoid of personal gain,* motive or complicity of any sort with the seller" (emphasis supplied). "Receipt of some incidental benefit, does not necessarily or even ordinarily alter the relationship between the parties, the nature of the transaction or the defendant's culpability." *(People v Lam Lek Chong,* 45 NY2d 64, 75.) The trial testimony established that defendant did not receive any part of the money paid by the undercover officer in exchange for the narcotics, but, rather, received $20 from the officer after the transaction had been consumated. Such a payment was not necessarily inconsistent with the theory that defendant's role was solely to accommodate the undercover officer in his attempt to purchase drugs. Thus, the court's erroneous charge may well have deprived the defendant of due consideration of the agency defense. We reject the People's position that any error in the court's charge was harmless because no charge on agency was warranted. On the evidence presented, the jury reasonably could have concluded that the defendant was a mere extension of the undercover officer. Conversely, however, we reject defendant's argument that the sale-related counts of the indictment (criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree) should be dismissed. The jury also reasonably could have concluded that the prosecution adequately refuted the agency theory. Although the defense of agency will not serve to insulate a defendant from a charge of simple possession (see *People v Sierra,* 45 NY2d 56), it is our view that reversal of defendant's conviction of criminal possession of a controlled substance in the first degree is mandated in the interest of justice. On this record we cannot say that this conviction was not tainted by the court's erroneous charge of the agency defense. Damiani, J. P., Gulotta, Margett and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RIVERA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 11, 1978, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him to a term of imprisonment of five years to life. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a term of imprisonment of three years to life. As so modified, judgment affirmed. The sentence imposed was excessive to the extent indicated herein. We have examined defendant's remaining contentions and

find them to be without merit. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.